J. M. OLIVARES v. SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY.

Decided November 23, 1904.

**1.—Railway—Duty to Keep Lookout.**

The duty of the employes of a railway is not to keep a reasonable lookout to discover person on the track, but to exercise ordinary care, under all the circumstances existing, with reference to keeping a lookout.

**2.—Same—Same—Charge.**

In a charge instructing a verdict in favor of plaintiff if the railway failed to exercise ordinary care to discover a child on its track in time to have stopped the train, the added clause "and you further believe that such failure to keep a reasonable lookout, if any, was due to negligence on the part of defendant's said employes," was not likely to lead the jury to believe, under the circumstances of this case, that negligence meant anything more than a failure to use ordinary care.

**3.—Misconduct of Jury—Viewing Scene of Accident—Failure to Object.**

In a suit against a railway for killing plaintiff's child, plaintiff is in no position to complain of the action of the jury in visiting the railway track at a point somewhat similar to that where the accident occurred and making observations and measurements, where he knew of such action at the time but failed to object and took his chances on a verdict in his favor.

Appeal from the District Court of Karnes. Tried below before Hon. James C. Wilson.

*Daugherty & Daugherty* and *Williamson & King,* for appellant.

*Proctors,* for appellee.—Where a party learns of misconduct of the jury prior to the returning of the verdict and fails to call said misconduct to the attention of the court as soon as he learns of same, he will not be heard to complain of such misconduct on a motion for new trial. Clark v. Elmendorff, 78 S. W. Rep., 539; Granger v. State, 31 S. W. Rep., 672; Davis v. McCabe, 46 S. W. Rep., 838; Glibold v. Foster, 24 S. W. Rep., 155; Blanton v. Mayes, 72 Texas, 421; Andrews v. State, 76 S. W. Rep., 918; 12 Am. & Eng. Encyc. of Law, 380, and notes.

JAMES, CHIEF JUSTICE.—The action was brought by appellant, the father of Norman Olivares, a child who was twenty-two months of age, who went upon appellee's track and was killed by a passing train, near Kennedy.

The case was here once before on a judgment in favor of this appellee, which we reversed for an error in the court's charge. We refer to that opinion for a more extended statement of the case. Olivares v. Railway Co., 2 Texas Law Journal, 279, 77 S. W. Rep., 981.

The court submitted as issues, the negligence of defendants' employes operating the engine, as to failing to exercise ordinary care, through a reasonable lookout, to discover the child on the track in time to have avoided striking it, also contributory negligence of the child's parents in reference to the child's being upon the track. The verdict was for defendants.

We conclude as matters of fact from the evidence in view of the verdict rendered, that defendants' employes were not guilty of said negligence, also that the parents were guilty of contributory negligence. There was evidence from which the jury would have been authorized to find either of said facts.

The first assignment specifies as error the following part of the third paragraph of the charge to the jury: "If you believe from the evidence that defendant through its employes operating said locomotive failed to exercise ordinary care to discover said child on said track (if it was

on said track) in time for said train to be stopped in the exercise of ordinary care by the use of appliances at hand before it struck the child, and you further believe that such failure to keep a reasonable lookout, if any was due to negligence on the part of defendants' said employes and was the proximate cause of the death of plaintiff's child, then the defendant company would be liable in this case, etc."

The error of the charge alleged, is that the jury were thereby instructed that even though they found that the employes failed to exercise ordinary care, they must in addition find that such failure was due to negligence, thus placing a limitation on plaintiff's right to recover not imposed by law.

The criticism contemplates a construction that a jury could hardly be supposed to give the charge. If it had read in the latter part: "And you further believe that said failure to exercise ordinary care was negligence," it might possibly be that some jury would have been confused thereby, to the extent of supposing that negligence consisted of something more than the use of ordinary care, notwithstanding the charge in other portions informed them plainly that negligence consisted of the failure to exercise ordinary care.

However, we think no detriment could have resulted to plaintiff in this way, as the charge was worded.

As the case was submitted no negligence of defendant figured in the case, except negligence in reference to keeping a proper lookout. The jury after all could have only acted upon this charge in connection with the evidence concerning a reasonable lookout, and in doing so, could not have been misled by the latter part of the charge, which is the only part which refers in terms to that subject, and gave them the correct rule in that particular matter.

In other words say that the jury found under the first clause, that the employes did not exercise ordinary care to discover the child in time, and upon the same evidence had gone further and consulted the latter clause, what other conclusion could they have come to than that they were guilty of negligence in regard to reasonable outlook, as the latter clause was worded, and as the definition of negligence was given in the charge?

It appears that the court's charge was in ten paragraphs and was given exactly as written and requested by appellant's counsel except said paragraph three, to which the court added or interlined after the words "reasonable lookout if any," the words "was due to negligence on the part of defendants' employes and."

The duty of a railroad company in circumstances such as appears in this case is, not to keep a reasonable lookout, but to exercise ordinary care, under all the circumstances existing, with reference to keeping a lookout. Gulf, C. & S. F. Ry. Co. v. Pendery, 87 Texas, 553, 29 S. W. Rep., 1039; Olivares v. Railway Co., 2 Texas Law Journal, 279, 77 S. W. Rep., 981.

Therefore as the latter portion of the charge was written by appellant's counsel, it was at least subject to criticism.

We overrule the assignment, because we think that when the jury consulted the latter portion of the paragraph, which dealt with the

subject of reasonable lookout, they could not have been misled into finding that more than want of ordinary care was required to constitute negligence, in view of the entire charge.

The second assignment complains of the action of the jury, after the case had been submitted to them, in visiting defendants' railway track at a certain curve near Karnes City, somewhat similar to the place at which the accident occurred, and making observations and measurements there with a view of determining issues in the case. The court refused a new trial for this misconduct. There appears to be at least one ground upon which the court's action may be sustained. It appeared that plaintiff's counsel at least an hour before the jury returned their verdict, became informed of this proceeding, and let the matter go, until it was brought up in the motion for a new trial. If they had brought it to the notice of the judge, or to opposing counsel who might have brought it to his notice, it is probable that he would have reprimanded the jury, and admonished them against taking such matters into consideration, and the verdict might have been otherwise. Counsel were willing to let the matter take its course speculating on a verdict in their favor, and if against them, to use the misconduct as a ground for new trial. It was their duty if they expected to complain of the matter to do so at the time. They were in no position to do so after they found they had miscalculated as to the effect of the proceeding.

The third assignment is answered by our conclusions of fact.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.