### CITY OF CLARENDON v. BETTS.
### (No. 740.)

Court of Civil Appeals of Texas. Amarillo.
March 6, 1915.

1. JURY ⊂⇒82—IRREGULARITY IN DRAWING—WAIVER.

Irregularity in drawing the jury is waived when not raised until after adverse verdict, where the party was informed of the irregularity as soon as the jury retired, but then made no objection.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 282, 307–309, 331, 332, 348, 359; Dec. Dig. ⊂⇒82.]

2. MUNICIPAL CORPORATIONS ⊂⇒742—TORTS—PRIVATE NUISANCE—NEGLIGENCE.

Where a city creates and maintains a nuisance to the injury of a private person, the question of negligence of the city is not in issue.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1560, 1563; Dec. Dig. ⊂⇒742.]

3. MUNICIPAL CORPORATIONS ⊂⇒837—TORTS—SEWERS—PRIVATE NUISANCE.

A city installing and maintaining a sewer outlet to the injury of a private person maintains a nuisance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1786; Dec. Dig. ⊂⇒837.]

4. NUISANCE ⊂⇒50—PERMANENT NUISANCE—DAMAGES.

The measure of damages to a private person caused by a city creating and maintaining a nuisance permanent in character is the depreciation in the value of the person's land occasioned by the nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 118–127; Dec. Dig. ⊂⇒50.]

5. MUNICIPAL CORPORATIONS ⊂⇒1037 — ACTIONS—JUDGMENT.

A judgment against a city in an action against it for a nuisance should order the issuance of execution against it in the absence of any statute forbidding it, though no levy can

be made on any property owned and held by the city for public purposes.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2208, 2210; Dec. Dig. ☞1037.]

6. MANDAMUS ☞116 — JUDGMENT AGAINST CITY—COMPELLING LEVY OF TAXES.

Mandamus lies to compel a city to levy of taxes to pay a judgment against it, but only the surplus of the revenues of the city above the amount for the operation of the city government may be applied to the payment of the judgment.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 243–248; Dec. Dig. ☞116.]

Appeal from District Court, Donley County; Jas. N. Browning, Judge.

Action by Mrs. Eva R. Betts against the City of Clarendon. From a judgment for plaintiff, defendant appeals. Reformed and affirmed.

A. T. Cole and E. A. Simpson, both of Clarendon, for appellant. H. B. White, of Clarendon, and Synnott & Underwood, of Amarillo, for appellee.

HALL, J. Appellee filed this suit in the district court of Donley county to recover damages on account of appellant's act in creating a nuisance by installing and maintaining a sewer near plaintiff's premises. There was a verdict and judgment for plaintiff for the sum of $1,500, from which this appeal is prosecuted.

[1] By agreement the case had been set for trial for Monday of the third week. There being no regular jury for this week, the court directed the sheriff to summon as jurors only parties residing outside the corporate limits of the town of Clarendon. Defendant objected to such instructions, insisting that residence within the corporate limits of the city of Clarendon did not disqualify one as a juror. The court then remarked that the instructions given to the sheriff limiting him in the selection of the jurors would be withdrawn, and he would direct the officer to summons the jury from the body of the county. It appears from the bill of exceptions that, if the court's direction was ever withdrawn, the sheriff did not hear it, and in summoning jurors he summoned only men living without the limits of the city. This matter is the basis for the first assignment of error. No objection was made until after the case had been submitted to the jury, a verdict had been returned, and the motion for new trial filed. It is shown in the motion for new trial that appellant's counsel were informed by the sheriff just after the jury had retired that the court had not withdrawn the instructions to him, and that in summoning the jury he had carefully avoided summoning any one who was a resident of the town. Appellant should have objected immediately. Its counsel, however, said nothing about it to the court, but took their chances upon a favorable verdict, and it is too late to raise the question in a motion for new trial. A party

cannot speculate under such conditions, and, after the return of an unfavorable verdict, insist that he has been prejudiced by the action of the court. The irregularity was waived by the delay. Olivaries v. Railway Co., 37 Tex. Civ. App. 278, 84 S. W. 248; Rector v. Hudson, 20 Tex. 236; Clements v. Crawford, 42 Tex. 601; Sinsheimer v. Edw. Weil Co., 129 S. W. 187.

[2, 3] It is contended under the second assignment that the court erred in refusing to direct a verdict for appellant. When the fact of the existence of a nuisance of this class is established, the issue of negligence is foreign to the controversy (City of Paris v. Jenkins, 57 Tex. Civ. App. 383, 122 S. W. 411), and the allegation of negligence is surplusage (29 Cyc. 1155). The proposition under this assignment is confusing and contradictory. Certainly, "there being no proof of temporary damages," and no proof of permanent damages, there was no issue to be submitted to the jury. But if, as is asserted in the proposition, "there is evidence amply sustaining the allegations relating to temporary damages," a peremptory instruction would be improper. It is admitted by appellant in the argument under this assignment that "there was an abundance of testimony on the part of the plaintiff that the sewer out-fall stank most noxiously; that the stench could be frequently smelled a quarter mile, half mile and a mile and more." If so, the court did not err in refusing to direct a verdict for defendant.

[4] There is sufficient evidence in the record to warrant the jury in concluding that the nuisance was permanent in its character. If so, the measure of plaintiff's damages is the depreciation in the value of her land occasioned thereby. City of Paris v. Allred, 17 Tex. Civ. App. 125, 43 S. W. 62; Denison & P. S. Ry. Co. v. O'Maley, 45 S. W. 227.

The charge predicated appellee's right to recover upon the existence of negligence, which was even more favorable to appellant than it should have been.

[5, 6] The judgment did not provide for the issuance of an execution, but ordered the city council to levy, assess, and collect an additional tax for the payment thereof. In the absence of a statute expressly prohibiting it, execution may run against a municipality, but no levy can be made upon property owned and held by the city for public purposes. Gordon v. Thorp, 53 S. W. 357. While mandamus will lie to compel the city council to levy and assess taxes for the payment of a judgment against the city, the extent of this power to tax is limited by the provisions of the Constitution, and only the surplus of the revenues over and above the amount necessary for the operation and conduct of the city government can be applied to this purpose. Dillon, Municipal Corp. (5th Ed.) §§ 1506, 1507; Corpus Christi v. Woessner, 58 Tex. 462; Sherman v. Smith, 35 S. W. 296; San

Antonio v. Routledge, 46 Tex. Civ. App. 196, 102 S. W. 769. This suit has none of the features of a mandamus proceeding, and that portion of the judgment ordering the city council to levy, assess, and collect taxes for the purpose of satisfying the judgment is unsupported by the pleadings and proof, and will be set aside.

The judgment will be further amended by ordering the issuance of execution, and, as here reformed, is affirmed.

Reformed and affirmed.