## CITY OF EDINBURG v. ELLIS.
### No. 8641.

Court of Civil Appeals of Texas. San Antonio.
July 15, 1931.

Rehearing Denied Oct. 7, 1931.

Montgomery, Hall & Taylor, of Edinburg, for appellant.

Kelley, Looney & Norvell and Geo. P. Brown, all of Edinburg, for appellee.

COBBS, J.

This is a suit for $5,000 instituted by J. P. Ellis against the city of Edinburg; said amount alleged to have arisen from the sale of gasoline and oil and other automobile supplies. Warrants had been issued by the city for the amounts alleged to be due, and the city sought the cancellation of the evidences of the debt on the ground of fraud on the part of appellee. The court instructed a verdict for $3,606.74, and judgment was rendered for that amount against the city. The city commissioners, who were joined in the suit against the city, were dismissed from the cause.

There were issued by the city in payment of the claim five warrants a sample of which is as follows:

"The City of Edinburg    No. 2453
"The City Treasurer    Edinburg, Texas

"No. ——— Will Pay to City Service Station or order $877.23 the sum of Eight Hundred Seventy Seven & 23/100 Dollars out of the General fund as allowed by Registered the City Council on the this the ——— 11th day of February, 1930, day of ——— for Jan. acct. authorized by 192— Everitt & Dyer.

Given under my hand City Treas- and seal this 11th day of urer. Feb. 1930.

[Seal]    A. J. Ross, Mayor.
J. L. Edwards, Secretary."

All of the warrants were signed as the above, save one, which was signed by "W. R. Dyer, Mayor Pro Tem," these having been offered in evidence and been identified by the plaintiff as being warrants he received from the city in payment for supplies furnished him. No evidence of the execution of this script was offered save that of the plaintiff to the effect that the signature of J. L. Edwards, city secretary, was correct and was his signature.

The defendant did not especially deny under oath the execution of the warrants, but only filed a general denial, which was on knowledge and belief.

Defendant filed responsive pleadings. We do not see how any fraud or invalid act was done or committed by the city in making the alleged illegal contract. The items contracted for and sold to the city for which it issued the notes show to be a necessity and things that the city must have. There was

nothing per se invalid in the contract apparent on its face, and there was nothing proven to render it invalid. That Commissioner Dyer was an agent of one of the beneficiaries selling the commodity in no sense rendered the transaction invalid. No contract was made by him for his sole·benefit. The contract was free from any elements of fraud or other vice.

City warrants speak for themselves. They were introduced in evidence, and their issuance and execution sufficiently proven and identified; they were not specially denied under oath.

■ Of course, everybody knows that the city does business like any other institution, and does not have to have a meeting to carry on its legal and usual business, or pass an ordinance every time to authorize the payment of a claim. It will be sufficient to purchase a commodity, and, if it has not on hand the money, then to authorize the purchase and thereafter approve it by issuing its paper as here is done.

■ As shown by the authorities, a warrant, like a promissory note, is a promise to pay. 15 C. J. 578; Leach v. Wilson County, 62 Tex. 331.

■ In the absence of a plea of non est factum, the power is presumed. Dale Oil & Refining Co. v. City of Tulia (Tex. Civ. App.) 25 S.W.(2d) 671. It is not denied, but specially admitted, that the warrants were over issued to the extent of 20 per cent. with the honest intention to reimburse appellant for the loss of interest, etc.

■ As a city cannot discount its own paper or issue in excess of the true claim in excess of the value of the debt, therefore the 20 per cent. is unauthorized in law, and appellee cannot have or recover that excess, and no recovery was had therefor.

On the trial of the case, appellee produced the account for $77.95, which he had delivered to appellant by signed slips for same; he did not have an itemized statement of same in his possession, but the slips were produced and they were identified by plaintiff and introduced in evidence. Terry et al. v. Little et al., 179 Ark. 954, 18 S.W.(2d) 916; Givens v. Pierson's Adm'x, 167 Ky. 574, 181 S. W. 324, Ann. Cas. 1917C, 956.

■ We cannot see how the purchase of oil or gas from Dyer, if it was done under the circumstances of this case, constitutes any fraud or illegality. In order to taint a contract with fraud, some understanding between the party contracting and the member of the governing board from whom he purchases the product must be shown at the time the contract is entered into whereby the contractor is to use only the supplies of the commissioner or is to sell only those supplies to the municipality or that the commissioner is to receive some special benefit from the contract. In the instant case, no agreement is shown, and plaintiff did not purchase from the commissioner, but bought from an oil corporation of which the commissioner was local agent. Fredericks v. Borough of Wanaque, 95 N. J. Law, 165, 112 A. 309.

There is no question about the contract, as entered into, giving the city valuable property rights, which it appropriated, and now seeks to hold without any offer to return any money paid on the contract, but seeks to keep all after receiving its value upon the alleged ground of illegality, with no fraud on the part of the city shown, though it could purchase from any source and is not in any way obligated to purchase from Dyer, and it is not shown it purchased any gas from Dyer.

■ In regard to the complaint, that the order in the decree is invalid because execution was ordered issued is immaterial, because no execution can be levied upon property belonging to the city in use in its governmental or municipal character. City of Clarendon v. Betts (Tex. Civ. App.) 174 S. W. 958; McQuillan on Municipal Corporation, § 2684.

Having fully considered all of appellant's assignments and propositions, we have reached the conclusion that the judgment should be affirmed.