## CHURCH v. PAGENSTECHER.

### No. 9912.

Court of Civil Appeals of Texas. San Antonio.

March 24, 1937.

Rehearing Denied April 21, 1937.

J. B. Lewright, of San Antonio, James Young, Jr., of Corpus Christi, and R. G. Harris, of San Antonio, for plaintiff in error.

Johnson & Rogers, Brooks, Napier, Brown & Matthews and Moursund, Ball, Moursund & Bergstrom, all of San Antonio, for defendant in error.

SMITH, Chief Justice.

William C. Church, plaintiff in error, and Gustav A. Pagenstecher, defendant in error, will be herein designated as plaintiff and defendant, respectively, as in the court below. Both parties are residents of San Antonio, and have been close friends and intimates for many years.

Plaintiff, an attorney, sued defendant, a physician, for actual and punitive damages for physical and mental pain alleged to have been sustained by plaintiff on account of wrongful diagnosis and negligent treatment of plaintiff during the latter's illness over a period of about three years, from April, 1927, to July, 1930. It was alleged by plaintiff, and the evidence tended to show, that the latter diagnosed and treated plaintiff as for the disease of angina pectoris, when in fact his ailment was that of diseased gall bladder and gall stones, as finally disclosed by a major operation performed by other surgeons at Denver, Colo., where plaintiff had gone on account of his illness, upon the advice of defendant, as his physician.

As a result of a jury trial, in which all the material issues were resolved against plaintiff, and in favor of defendant, judgment was rendered that plaintiff recover nothing, and he appealed.

The grounds of negligence upon which plaintiff sought to recover seem to be accurately stated in defendant's brief, as follows:

"1st: In diagnosing plaintiff's ailment as angina pectoris instead of an infected gall bladder.

"2nd: In failing to have an x-ray picture made of plaintiff's gall bladder and adjacent parts of his body.

"3rd: In failing to have a competent expert make an electrocardiogram of plaintiff's heart.

"4th: In dissuading plaintiff from having either Dr. Nesbit or Dr. Steinwinder (heart specialists) called into consultation with defendant with respect to plaintiff's disease.

"5th: In administering to plaintiff no treatment for said disease except hypodermic injections of morphine."

The issues of fact raised by those contentions were submitted in great detail by the trial judge, and no question is made here of the form or substance of that submission. The jury resolved every material issue, so submitted, in favor of defendant, and no contention is made here by plaintiff that those findings were not fully sustained by the evidence, or by the great preponderance of that evidence. Plaintiff's appeal rests entirely upon objections to arguments of defendant's counsel, and to the refusal of charges requested by plaintiff.

Defendant contends that the evidence was insufficient to warrant a finding of negligence upon the part of the defendant in either of the particulars alleged by plaintiff, and, therefore, that even though arguments of his counsel be held to be improper, and the refusal of the court to give plaintiff's special charges erroneous, the judgment must nevertheless be affirmed, because of the insufficiency of the evidence to require submission to the jury. We are not prepared to affirm upon that basis, but have concluded to pass upon the questions raised by plaintiff, and not decide the question of the sufficiency of the evidence. Both pleadings and evidence are quite voluminous and tedious, and it is not deemed necessary to go deeply into them in this opinion for the purpose of passing upon the questions of law raised and to be decided.

■ Plaintiff's appeal is predicated upon twenty-five assignments of error, of which the sixth, ninth, tenth, eleventh, fifteenth, seventeenth, and eighteenth, not being briefed, have been waived. The twelfth and thirteenth assignments are deemed too general to entitle them to consideration. The first, second, third, fourth, fifth, seventh, and eighth assignments of error, brought forward under plaintiff's first, second, and third propositions, relate to argument of counsel; the fourteenth, sixteenth, and nineteenth, briefed under the fourth proposition, relate to refusal of the trial judge to give a requested charge; and the twenty-first, twenty-second, twenty-third, twenty-fourth, and twenty-fifth, briefed under the fifth and sixth propositions, relate to refusal to submit requested special issues. We will first consider the complaint of argument of counsel.

■ The record shows that plaintiff made no objections to the argument here complained of, at the time made, nor did he at any time request the court to instruct the jury to disregard and not consider the argument. There was no intimation that plaintiff felt aggrieved at the argu-

ment, or any part thereof, until he presented objections in his motion for new trial, filed some three weeks after the argument was made, and a verdict returned. Under all the authorities, then, the general rule is, that a party may not complain, on appeal, of the argument of opposing counsel, unless he objects to it, or calls it to the attention of the court, at the time it is made, or at its conclusion requests the court to instruct the jury to disregard and not consider it, nor may a party, on appeal, urge a ground of objection that was not made below by the means stated. 41 Tex. Jur. pp. 820, 822, §§ 87, 88.

There is, however, this exception to the general rule, that if the improper language of counsel be so inflammatory and prejudicial that its harmful effect could not have been eradicated from the minds of the jury by an instruction from the court to disregard and not consider it in their deliberations, then it will not be held that the complaining party waived his objections by not making them at the time of the argument, or requesting the court to instruct the jury to disregard the argument. Id. §§ 88, 93. With this rule and exception before us, we will consider plaintiff's contentions.

In his first proposition, purporting to be based upon his fourth, fifth, and seventh, assignments of error, plaintiff complains of the argument of one of defendant's counsel wherein, according to plaintiff's interpretation, counsel "plead that the jury bring in a favorable verdict to his client because not to do so would ruin the professional reputation and standing of his client—a doctor." Plaintiff's fourth assignment of error is not germane to the proposition, and will not be considered in connection with it. The statement under plaintiff's first proposition shows that Clinton G. Brown, Esq., one of defendant's counsel, in his argument to the jury, reminded them of the facts that both plaintiff and defendant had lived all their lives in the city of San Antonio, where defendant is engaged in the practice of medicine, and plaintiff in the practice of law, and where all their friends reside, and that during all that period plaintiff and defendant were close friends. Counsel then stated in his argument that in this trial "Mr. Church expects compensation at the hands of this jury in a suit against his best friend because that friend had made at most an honest mistake. I do not feel that this jury is going to approve that. * * *

"The main proposition is whether the jury are going to brand this young doctor guilty of negligence or whether you are going to send back to the friends and the associates of these two men, send back to the patients of this young doctor, are you going to send back to them the words that after listening seriously for a week in a Bexar County court the jury has said that in this transaction Dr. Pagenstecher is guilty of negligence? I feel more confident in that respect than I do ordinarily in jury contests.

"It is a hard thing for a young man, particularly a professional man, to make good in his home town. Here is Dr. Pagenstecher, he did not get started in his work, because he was so anxious to qualify in the best way possible, until he was twenty-seven years old. Then if he had gone to New Orleans or if he had gone to Houston and put up a practice they would not have known him up to that date and could not have said 'I used to know him when he had his big toe tied up as a kid'— but he saw fit to come back to his home town to make good and he started out when he was twenty-seven years old.

"He has had these fourteen years behind him. He is now in the prime of life. And they talk about, and my young friend Jimmie Young (of counsel for plaintiff) said 'Dr. Pagenstecher has not been injured.' I don't think he has been particularly injured by the suit, but the serious possibility—and it is more than a possibility in my mind—of how serious the injury would be to him for no more at the most than making an honest mistake, on a suit brought by his best friend is if you and I send word 'look out for him as a doctor, he don't know what he is doing.' The people do not learn the details of these things, they would only get the word in a general way that Bill Church sued him because he did not know what he was doing, that Bill Church sued him because he was careless, that Bill Church sued him because he was negligent, and the court and the jury branded him as a negligent doctor, a doctor who is guilty of negligence. There is the great danger to this young doctor. You and I can at least do our best to rectify the wrong."

█ We overrule the proposition for the following reasons, and upon the following conclusions:

1. It seems to be conceded, at least it is not disputed, that the purported facts stat-

ed in the argument are based upon evidence adduced upon the trial, and a restatement of those facts was not improper in the argument.

2. The conclusion of counsel in his argument, that if the jury found defendant guilty of negligence such finding would injure, or destroy, his reputation and standing as a physician in his home community, appears to have been in reply to the opening argument of one of plaintiff's counsel, that defendant "has not been injured" by the suit, and was therefore justified by the latter statement of opposing counsel.

3. The argument complained of was not so highly inflammatory and prejudicial that its injurious effect upon plaintiff would not probably have been cured by timely objection by plaintiff, and by an admonition from court to jury to disregard the argument. If it was not justified by the record, or by the opening argument of plaintiff's counsel, it will be presumed that the trial judge, upon timely request, would have directed the jury to disregard, and not consider it, and we see no reason why such instruction would not have been observed by the jury.

In his second proposition, purported to be germane to his first, eighth, twelfth, and thirteenth assignments of error, plaintiff contends that it was reversible error "for attorneys for defendant in arguing to the jury to. emphasize and reiterate that the medical services performed by defendant for plaintiff were free, and plaintiff was defendant's charity patient, and thereby inject into the case a measure of care different from and contrary to that prescribed in the charge of' the court to the jury, to-wit: that is, in effect to argue that the plaintiff was entitled to a less measure of care in diagnosis and treatment of his ailment because of the asserted performance of medical services free, and to a charity patient, than the measure of care instructed to the jury in the charge of the court, namely, that care which the average member of the medical profession engaged in the general practice of medicine in San Antonio, Texas, or similar communities, would have exercised under the same or similar circumstances; and, also, entitled to less consideration in fact than would be a pay patient." We overrule that proposition, for the reasons, first, that the argument of counsel set out in the statement under said proposition, does not justify the interpretation given it in the proposition; second, in any event the argument actually made, according to that statement, was a legitimate deduction from, and comment upon, the evidence; third, and in any event, it was by no means so highly inflammatory and prejudicial that its effect could not have been effaced from the minds of the jury by appropriate instruction from the court, had plaintiff but timely invoked such instruction. At its worst, even according to plaintiff's interpretation, it was no more than an erroneous application of law to a particular state öf facts. If that is so, then an instruction from the court that counsel was misstating the law—that such was not the law—would in all likelihood have rendered the incident much more harmful to defendant than to plaintiff. If the argument was improper, it will be presumed that the trial judge, upon proper objection and request of plaintiff, would have so instructed the jury. We overrule plaintiff's second proposition.

Plaintiff's third proposition is but a reiteration of the matters raised in his first and second propositions, and will be overruled, as were the latter propositions, and for the same reasons.

In connection with the trial court's definition of negligence, to which plaintiff made no objection below and makes none here, plaintiff requested the court to instruct the jury, in that connection, that "The question of compensation payable by plaintiff to defendant for the latter's medical services is immaterial or unimportant in law." In his fourth proposition plaintiff complains of the court's refusal of that request. The requested instruction, being purely a general charge, and no part of a proper definition of negligence, to which it purported to relate, was properly refused. We overrule plaintiff's fourth proposition.

In his fifth and sixth, and last, propositions plaintiff complains of the trial court's refusal to submit a series of special issues on the merits of the case, requested by plaintiff. We overrule those propositions upon the ground that the matters sought to be submitted in those requested issues were substantially encompassed in the issues submitted to the jury by the court, of which plaintiff did not and does not complain.

The judgment is affirmed.

SLATTON, J., disqualified and not sitting.