GILLETTE MOTOR TRANSPORT, Inc., v. LUCAS.

No. 10944.

Court of Civil Appeals of Texas. Galveston.

March 7, 1940.

Rehearing Denied April 4, 1940.

Vinson, Elkins, Weems & Francis and Frank G. Dyer, all of Houston, for appellant.

Sewall Myer and Lewis Fisher, both of Houston, for appellee.

GRAVES, Justice.

This statement, conceded by the appellee to be correct, is taken from appellant's brief:

"Plaintiff filed this suit in the district court of Harris County, Texas, on August 14, 1937, against the defendant. For cause of action, plaintiff alleged that on October 27, 1936, at about 11 o'clock A. M., he was run into by a truck owned and operated by the defendant Gillette Motor Transport, Inc. That such collision was a proximate result of the negligence of the defendant. That on account of the injuries received by him in the collision he had been damaged in the sum of $25,000.00.

"Defendant answered by general demurrer, general denial, and by alleging various acts of negligence on the part of the plaintiff, each of which acts was alleged to be a proximate cause of the collision and damages to plaintiff.

"The case was tried before a jury on special issues. The jury found, in response to the special issues submitted to them, that the driver of defendant's truck, as he approached the place of the happening under inquiry, failed to keep a proper lookout for persons about the place. That such failure to keep a proper lookout was a proximate cause of plaintiff's injuries. That the driver of defendant's truck, as he approached the place of the happening under inquiry, failed to sound his horn. That such failure was negligence, and that such negligence was a proximate cause of plaintiff's injuries. That the driver of defendant's truck, at the time and under the circumstances in evidence, did not operate said truck at an excessive rate of speed as he approached the place of the happening. That plaintiff, as he left the office of the defendant on the occasion under inquiry, did not fail to keep a proper lookout for motor vehicles approaching the place where the injury occurred. That, as plaintiff walked from the doorway on the occasion under inquiry, he did not do so at an excessive rate of speed. That the collision in question was not the result of an unavoidable accident.

"In answer to Special Issue No. 15, the jury awarded plaintiff $10,000.00 in damages.

"On April 12, 1939, the court entered its order in all things overruling its motion for new trial, to which action the defendant then and there and in open court excepted and gave notice of appeal."

There is no complaint over the amount of, nor the sufficiency of the evidence to support, the jury's verdict, the appellant grounding its appeal herein solely upon contentions, the controlling ones of which are these:

(1) That the trial court erred in refusing to submit to the jury appellant's requested special issues 7 to 12, inclusive;

(2) That the court also erred in submitting its own special issue No. 9;

(3) That the court further erred in refusing its request to submit to the jury, in the charge, an issue as to whether or not appellee's alleged failure to keep a proper lookout for motor-vehicles approaching the place where the injury occurred was negligence.

After careful consideration of the able briefs and arguments submitted by both sides, it is this court's conclusion that the attacks so made by the appellant upon the manner, form, and substance, in which the learned trial court submitted the cause —in the developed state of the pleadings and evidence—are not well taken; in final purport, these criticisms in the aggregate presented the view that the trial court's theory of submission was erroneous, in that it not only failed to give appellant the advantage of its having pled, under its charge of contributory negligence against the appellee, (1) that he walked into the path of the truck without keeping a proper lookout, (2) that he stepped from the door of the filling-station into the driveway without looking to his left for vehicles that might be approaching on such driveway, and (3) that immediately prior to the collision he was walking from the doorway of the filling-station across the driveway without keeping a proper lookout for motor-vehicles driving along it; but also left a fatal hiatus in omitting to inquire—in connection with its own issue No. 9—as to whether or not the failure to keep a look-

out therein inquired about was negligence. It cites as supporting such criticisms these authorities:

Under (1): Dallas Ry. & Terminal Co. v. Fuchs, Tex.Civ.App., 52 S.W.2d 685; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; Gulf, C. & S. F. R. Co. v. Gardner, Tex.Civ.App., 266 S.W. 809; Jones v. Hester, Tex.Civ.App., 16 S.W.2d 399; Northern Texas Traction Co. v. Weed, Tex.Com.App., 300 S.W. 41; S. Blickman, Inc., v. Chilton, Tex.Civ.App., 114 S.W.2d 646; 41 Tex.Jur. 1100.

Under (2): S. H. Kress & Co. v. Jennings, Tex.Civ.App., 64 S.W.2d 1074; Wonderful Workers of the World v. Winn, Tex.Civ.App., 31 S.W. 879; 41 Tex.Jur., 1100.

Under (3): Clements v. Wright et ux., Tex.Civ.App., 47 S.W.2d 652; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; Gulf, C. & S. F. v. Pendery, Tex.Civ. App., 27 S.W. 213; Kasch v. Anton, Tex. Civ.App., 81 S.W.2d 1097; Lumbermen's Reciprocal Ass'n v. Wilmoth, Tex.Com. App., 12 S.W.2d 972; McFaddin v. Hebert, 118 Tex. 314, 15 S.W.2d 213; Olivares v. San Antonio & A. P. R. Co., 37 Tex. Civ.App. 278, 84 S.W. 248; Simmonds v. St. Louis, B. & M. R. Co., 29 S.W.2d 989; Stinnett v. Paramount-Famous Lasky Corp. of N. Y., Tex.Com.App., 37 S.W.2d 145; Texas Power & Light Co. v. Culwell, Tex. Com.App., 34 S.W.2d 820.

This court thinks, on a sifting of the evidence especially, that appellant materially misconstrues its purport—that is, the case for the jury it presented as a whole—and thereby becomes technical in concluding that, taken in connection with its own specific pleading upon contributory negligence, it brought the cause for the jury under such holdings as its cited Fuchs, Fox, and Weed cases. Those determinations all seem plainly distinguishable from the situation here presented.

The facts were few and uncomplicated. The scene of the accident was hardby a filling-station at or near the intersection of Crawford and Commerce Streets in the City of Houston, and there was likewise nothing elaborate, difficult, or hard to describe in its environment; indeed, a number of pictures of it make simple and clear the conditions under which the accident was described by the witnesses as having happened; a cement driveway ran under the shed of the station past one of its doorways; the appellee testified that he stepped out of that doorway on to such driveway, took a couple of steps, which appellant persistently reduces (under other statements of his to that effect) to a couple of feet, saw a Mr. Shruptine on his left side standing near one of the gasoline tanks; that after taking "two or three steps" from such door on to the concrete driveway he stopped, looked in both directions, saw no truck, there being none in sight, and then continued walking diagonally down the driveway toward Crawford street, with his back and left side in the direction from which the truck came, and by the time he had gotten about ten feet from the filling-station door it struck and injured him; he had thus gone some six feet, or slightly more, in two or three steps after having looked in both directions, and had neither seen nor heard the truck, which probably took him something like two or three seconds of time to do, before the accident happened; the corner from around which the truck came was described by other witnesses as a "blind" one.

The driveway was some 16 to 18 feet wide, and was right next to the filling-station and the door from which the appellee stepped just prior to his injury—that door itself being only a step or two from the "blind" corner of the building around which the truck came; as indicated, the appellee testified he was about 10 feet from that filling-station door, going in a diagonal direction along the driveway, or yard, as he termed it, and about 8 or 9 feet from the wall of the station-building when he was struck; the 16 to 18 foot width of the driveway evidently furnished the basis of the testimony of several witnesses that there was plenty of room for the truck to have passed around the appellee, when so coming up behind him, without striking him, but that the driver thereof made no effort to avoid hitting him; even the driver of the truck himself testified that the door out of which the appellee came was only 6 or 8 feet from the corner of the building around which the truck was going; further, that the appellee was 5 or 6 feet from that door, when the truck struck him.

It seems plain from these circumstances not only that the jury's findings were well sustained, but that the trial court's theory of the controlling issues of fact was correct, especially as embodied in its much-criticised issue No. 9; the court had first properly defined "negligence" and "proper lookout", the latter in

these terms: "A proper lookout is such a lookout as an ordinarily prudent person would have kept under the same or similar circumstances"; then followed given special issue No. 9, as follows:

"Do you find from a preponderance of the evidence that the plaintiff, as he left the office of the defendant on the occasion under inquiry, failed to keep a proper lookout for motor vehicles approaching the place where the injury occurred?

"You will answer, 'He did so fail', or 'He did not so fail.'"

Appellant's opposing issues, its Nos. 7 and 10, were these:

No. 7: "Do you find from a preponderance of the evidence that plaintiff walked into the path of the truck without keeping a proper lookout?

"Answer, 'We do' or 'We do not'."

No. 10: "Do you find from a preponderance of the evidence that immediately prior to the collision in question plaintiff was walking from the doorway of the filling station across the driveway without keeping a proper lookout for motor vehicles driving along said driveway?

"Answer, 'We do' or 'We do not'."

As this court understands the material facts attending the accident, a substantial resume of which has been given supra, the main charge as thus given comprehended them, thereby embodying in other form and language essentially the same matters appellant declared upon in its plea of contributory negligence, and couched in its quoted requested special issues Nos. 7 and 10; in other words, there was no substantial difference between the issue as given and the ones tendered, the two expressions, "as he left the office", and "walked into the path of the truck", as applied to the undisputed evidence, necessarily in practical effect meaning one and the same place; that is, the facts all show the driveway, or yard, was the path of the truck, and, to have designated it only as "the path of the truck" would have carried an implication that the appellee did or should have known the truck might then come along it—contrary to his own positive testimony.

This declaration from the recent case of Jordan v. Morten Inv. Co., 127 Tex. 37, 90 S.W.2d 241, 242, is therefore applicable: "There is no substantial difference between the issue given and the one tendered, and * * * the answer to the former comprehends the material facts involved in the latter * * * The case presented is not one in which the court has failed to submit any charge at all upon a defensive issue raised by the pleadings and evidence. The court actually submitted the defense, and, even if the issue submitted were subject to the criticism that it was general in its terms and did not particularly point out all of the elements embodied in the specially requested issue, nevertheless it was, in the main, a correct issue." See also McBurnett v. Smith, Tex.Civ.App., 286 S.W. 599; Grand Lodge v. Bleavins, Tex.Civ.App., 282 S.W. 949, error dismissed; Church v. Pagenstecher, Tex.Civ.App., 104 S.W.2d 72.

Nor is it thought there is anything prejudicial to appellant in the court's refusal to give its requested issue in effect submitting again the inquiry whether appellee had been guilty of negligence in his alleged failure to keep a proper lookout for motor-vehicles approaching the place of the injury; it is concluded that the court's issue No. 9, taken with its connected definitions of both "negligence" and "proper lookout", properly submitted the two phases or branches of appellant's defense of contributory negligence, both of which had to be found in its favor before such defense could be established; in other words, and especially as applicable here, such a definition as the court gave of "proper lookout", included the element of negligence as an inherent and integral part thereof. Indeed, that method of submission, in such circumstances, seems to be quite a generally used one. Missouri, K. & T. R. Co. v. Long, Tex.Civ.App., 23 S.W.2d 401, writ of error refused.

It is difficult to see how such a grouping in the one issue No. 9 of these indispensable features of the defense of contributory negligence as pleaded, could have worked any injury upon the appellant—quite the contrary would appear to have been its effect. If this conclusion upon that phase of the case be sound, as it is thought to be, extended discussion is unnecessary.

Under the views expressed, the judgment should be affirmed; it will be so ordered.

Affirmed.