**WICHITA COUNTY WATER IMPROVE-
MENT DISTRICT NO. 2,
Appellant,**

v.

**CITY OF WICHITA FALLS, Appellee.**

No. 15988.

Court of Civil Appeals of Texas.

Fort Worth.

March 27, 1959.

Rehearing Denied May 1, 1959.

Jack Connell, Wichita Falls, for appellant.

Guy H. McNeely, Theo. Bedard, and J. Walter Friberg, Wichita Falls, for appellee.

BOYD, Justice.

Wichita County Water Improvement District No. 2 appeals from a take nothing judgment in its suit against the City of Wichita Falls to recover benefit assessments levied against 266.37 acres of land owned by the City within the confines of the District.

The District is a political and municipal corporation, organized under the provisions of the State Constitution and statutes as a water improvement district. It was incorporated in 1920. At an election held for such purposes, the District was converted into a conservation and reclamation district; it was determined that taxes should be levied by the benefit assessment plan rather than upon an ad valorem basis, and an assessment of $35.25 per acre for irrigable land and $1 per acre for nonirrigable land was authorized against the

land in the District. In 1946 the City became the owner of 266.37 acres in the District. The City has not paid any assessments. The payments on the District's bonded indebtedness have been regularly made, the other property owners having paid additional amounts to equal the assessments against the land owned by the City.

The case was submitted to the court, who made and filed findings of fact and conclusions of law. It was found that all the land acquired by the City was classified as irrigable; that at the time of the trial the assessments against the 266.37 acres, including penalties and interest, amounted to $8,904.05; and that during its ownership the City has taken advantage of the irrigation services afforded by the District on small areas of the tract. The court concluded that the assessment was a tax, although not ad valorem in nature, and that the City was not liable because it is exempt from taxation by virtue of Article 8, secs. 1 and 2, Article 11, sec. 9, of the State Constitution, Vernon's Ann.St., and Article 7150, Vernon's Ann.Civ.St.

The invoked constitutional sections provide that all property in the State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value; that incomes of persons and corporations, other than municipal, may be taxed; that the Legislature may, by general law, exempt from taxation public property used for public purposes; and that the property of counties, cities and towns, "owned and held only for public purposes, such as public buildings and the sites therefor, fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation, provided, nothing herein shall prevent the enforcement of the vendors lien, the mechanics or builders lien, or other liens now existing."

Article 7150 provides that "The following property shall be exempt from taxation, to-wit: * * *. 4. All property, whether real or personal, belonging exclusively to this State, or any political subdivision thereof, or the United States, * * *. 10. Fire engines.—All fire engines and other implements owned by towns and cities used for the extinguishment of fires, with the buildings used exclusively for the safekeeping thereof."

We think the District was entitled to judgment for the assessments, interest, penalties, attorney's fees and costs.

In construing similar constitutional and statutory provisions for exemption from taxation when they have been invoked to defeat improvement taxes and assessments, the decisions are not harmonious.

"However, by the great weight of authority, public property of a municipality is subject to special assessment for local improvements." 90 A.L.R., p. 1156, citing cases.

"It is a general rule, to which there are few exceptions, that a constitutional or statutory exemption from taxation is to be taken as an exemption from ordinary taxes only, and does not include special assessments for local improvements." 48 Am. Jur., p. 636, sec. 80.

"Many constitutional and statutory provisions are found exempting property from taxation * * *. In this connection it is sufficient to say that it is generally held that a local assessment is not a tax within the meaning of provisions of this sort. * * *. So it has been applied to constitutional and statutory provisions exempting from taxation land belonging to the state, to municipalities and the like." Page and Jones, Taxation by Assessment, vol. 1, p. 70, sec. 42.

In 25 R.C.L., pp. 124–127, secs. 40–42, it is said: "40. It is the well established rule that a constitutional or statutory exemption from taxation is to be taken as an exemption from ordinary taxes, for the general purposes of government—state, county, or municipal—and does not relieve

those in whose favor such exemption exists from the obligation to pay special assessments for local improvements which are charged upon property on the theory that such property is specially benefited thereby. * * * 41. * * * The general rule has been applied in many cases where the language granting the exemption has been broad and comprehensive, as, for instance, under a statute exempting property from 'all other' taxes, 'taxation of every description,' 'all taxation of every kind except as herein provided for,' 'all taxation, state, county, municipal, and special,' taxes levied 'for any city purpose,' 'taxation of every kind,' any 'tax or imposition whatever,' all 'taxes, charges, and impositions under authority of the state,' and 'all public taxes, rates, and assessments.' * * *. 42. * * * The same rule has been applied in construing exemptions from taxation of * * * county and municipal property. * * *"

"We have been too long and too firmly committed to the doctrine that exemption from taxation does not exempt from special assessments, to now admit that it is even debatable." County of McLean v. City of Bloomington, 106 Ill. 209. In that case an assessment against the county courthouse square was sustained.

In State v. City of El Paso, 135 Tex. 359, 143 S.W.2d 366, it was held that a city was not exempt from paying the state gasoline tax on motor fuel, the court holding that cities are exempt from only three classes of taxes, namely, ad valorem, occupation, and income taxes.

In Higgins v. Bordages, 88 Tex. 458, 31 S.W. 52, 803, it was held that a special sidewalk improvement assessment was not a tax, general or special.

■ The Commission of Appeals, in City of Cisco v. Varner, Tex.Com.App., 16 S.W.2d 265, said: "Our courts have repeatedly held that an assessment made for a local improvement is not a tax within the meaning of various constitutional provisions. Higgins v. Bordages, 88 Tex. 458,

31 S.W. 52, 803, 53 Am.St.Rep. 770; Hutcheson v. Storrie, 92 Tex. 685, 51 S.W. 848, 45 L.R.A. 289, 71 Am.St.Rep. 884; Taylor v. Boyd, 63 Tex. 533; Allen v. City of Galveston, 51 Tex. 302." To the same effect are Jones v. L. E. Whitham & Co., Tex.Civ.App., 37 S.W.2d 327; Moore v. Maverick County Water Control and Improvement Dist. No. 1, Tex.Civ.App., 162 S.W.2d 1009; Eubank v. City of Fort Worth, Tex.Civ.App., 173 S.W. 1003, error refused; Mount Olivet Cemetery Co. v. City of Fort Worth, Tex.Civ.App., 275 S.W.2d 152.

■ We think the District is entitled to a judgment for attorney's fees. The court found that it had agreed to pay its attorney a sum equal to ten per cent of the amount collected. Such recovery seems to be authorized by Articles 7680, 7683, and 7683a, Vernon's Ann.Civ.St. Holt v. Wichita County Water Improvement Dist. No. 2, Tex.Civ.App., 48 S.W.2d 527; Austin Mill & Grain Co. v. Brown County Water Improvement Dist. No. 1, Tex.Civ.App., 128 S.W.2d 829.

■ It is our opinion that the District is not entitled to foreclosure of lien. Municipal property devoted exclusively to the use and benefit of the public is not subject to forced sale. Constitution, Article 11, sec. 9; Gordon v. Thorp, Tex.Civ.App., 53 S.W. 357, error refused; City of Clarendon v. Betts, Tex.Civ.App., 174 S.W. 958; City of Edinburg v. Ellis, Tex.Civ.App., 42 S.W.2d 291; McQuillin, Municipal Corporations, 3rd Ed., vol. 17, pp. 251–258, secs. 49.41–49.43.

The judgment is reversed and rendered for Wichita County Water Improvement District No. 2 for $8,904.05, being the amount of assessments, penalties, and interest to September 19, 1958, as found by the trial court, with the additional amount of $890.40 for attorney's fees. These amounts will draw interest from September 19, 1958, at six per cent per annum. Costs of this court and the trial court are adjudged against appellee.