

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 22, 1960

Honorable Henry Wade                    Opinion No. WW-786
District Attorney
Records Building                        Re:  City improvement assessments
Dallas 2, Texas                              against Hospital District
                                             property.

Dear Mr. Wade:

We quote from your opinion request as follows:

"On February 23, 1959, the Dallas County
Hospital District requested an opinion
from this office with reference to city
improvement assessments against Hospital
District property.  Mr. George Biggs, who
was with this office at that time, rendered
an opinion to the effect that the City of
Dallas, a political sub-division, did not
have authority to make assessments against
the Dallas County Hospital District for
cost of paving streets and highways adjoining
the Hospital.

"Since the opinion was rendered, the Fort
Worth Court of Civil Appeals in the case of
Wichita County Water Improvement District
No. 2 vs. City of Wichita Falls, 323 S.W.2d
298, held that the assessment made by a County
Water Improvement District for a local improve-
ment is not a tax within the meaning of the
constitutional provisions exempting municipal
land from property taxes.  We believe, since
reading this opinion, that it is in point, and
that the opinion rendered by Mr. Biggs is not
sustained under the authorities cited in this
case.  We have been requested to secure an opinion
from your office with reference to the liability
of the Hospital District for the paving assess-
ment."

In reference to your direct question, the recent case of
Wichita County Water Improvement District No. 2 v. The City of
Wichita Falls, cited in the opinion request, is directly in
point.  In this case, decided by the Fort Worth Court of Civil
Appeals on March 27, 1959, it was held that property belonging

to the City of Wichita Falls located within a water improvement district was subject to benefit assessments levied by the water district; the Court considered that the assessments were not taxes, and were not inhibited by Art. XI, Sec. 9, Tex.Const. Application for writ of error in the Wichita County case was refused on July 15, 1959, with the notation "Refused. No Reversible Error." Though this docket notation may have cast certain doubt (the extent of which has never been satisfactorily defined) upon the reasoning of the Fort Worth Court, the Supreme Court's refusal to entertain the writ of error laid to rest any question as to the continued vitality of the early case of Harris County v. Boyd, 7 S.W. 713 (Tex. Sup.Ct. 1888), which reached a directly contrary result. Under settled principles of stare decisis, the Supreme Court-approved decision in the more recent case must be deemed controlling. Accordingly, you are advised that the Dallas County Hospital District is liable for the City of Dallas assessments for cost of paving streets and highways adjoining the County hospital.

### S U M M A R Y

The Dallas County Hospital District is liable for City of Dallas assessments for costs of paving streets and highways adjoining the County hospital.

Yours very truly,

WILL WILSON
Attorney General of Texas

By  Jack N. Price
Jack N. Price
Assistant

JNP:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

W. R. Scruggs
Don Bernard
Charles D. Cabaniss
Leon F. Pesek

REVIEWED FOR THE ATTORNEY GENERAL

By:  Leonard Passmore