

# The Attorney General of Texas

March 18, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202'
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Warren New
Yoakum County Attorney
P. O. Box 359
Plains, Texas    79355

Opinion No.   JM-16

Re:  Whether charge imposed on telephone company by city may be passed on to county as a customer of telephone company

Dear Mr. New:

You have been notified by the telephone utility which serves your county that it is imposing an extra charge on the bills of its customers receiving service within the city limits of Plains.  The extra charge was initially denominated a "city gross receipts tax," but was subsequently referred to in later correspondence as a "franchise fee."  This "franchise fee" is equivalent to a charge that the city imposed upon the telephone utility and which the telephone utility seeks to pass through to its customers.  You have refused to pay the extra charge and have asked whether such pass-through charge can permissibly be imposed upon the county.  You claim that the charge is, in reality, a tax and cannot be levied against the county lest article XI, section 9 of the Texas Constitution, which exempts from taxation the property of counties devoted exclusively to the use and benefit of the public, be violated.  We reject your contention and conclude that the telephone utility is not prohibited from passing through to the county the extra fee imposed by the city.

This office addressed a similar issue in an earlier opinion and concluded that state agencies may pay a so-called "municipal franchise charge" imposed by the telephone company upon all of its customers, including state agencies.  As noted in Attorney General Opinion H-1265 (1978), utility companies frequently enter into franchise agreements with cities authorizing them to use the city's streets in exchange for a franchise fee, which is usually calculated as a percentage of the gross receipts received on services locally rendered.  The Public Utility Commission requires regulated utilities to file with the commission tariffs which provide that any municipal franchise charge will be passed on to the utility customers within the affected municipality.

Article 1175, section 12, V.T.C.S., requires telephone companies, before using the grounds or streets of a home rule city, to first

obtain the consent of the governing authorities and pay prescribed compensation. Article 1181, V.T.C.S., sets forth other conditions which relate to the grant by a home rule city of a "franchise to use or occupy the public streets, avenues, alleys or grounds" of the city. Pursuant to these provisions, home rule cities may grant utility franchises to use the public streets in exchange for compensation measured by a percentage of gross receipts. See City of Tyler v. Television Cable Service, Inc., 493 S.W.2d 322 (Tex. Civ. App. - Tyler 1973, writ ref'd n.r.e.); City of Weslaco v. General Telephone Company of the Southwest, 359 S.W.2d 260 (Tex. Civ. App. - San Antonio 1961, writ ref'd n.r.e.). General law cities have authority under article 1016, V.T.C.S., to grant franchises to telephone companies conducting a local business. Fleming v. Houston Lighting and Power Company, 138 S.W.2d 520, 522 (Tex. 1940), cert. denied, 313 U.S. 560 (1941); Southwestern Telegraph and Telephone Company v. City of Dallas, 174 S.W. 636 (Tex. Civ. App. - Dallas 1915, writ ref'd). See also V.T.C.S. art. 1446c, §21, Tax Code §182.064.

Relying on language in Fleming v. Houston Lighting and Power Company, supra, which characterized such franchise charges collected by utilities as rentals for the use of city streets rather than as taxes, and cases in accord from other jurisdictions, this office concluded that such a franchise charge is not a tax. Attorney General Opinion H-1265 (1978). Despite dicta in Payne v. Massey, 196 S.W.2d 493 (Tex. 1946) and City of Alvin v. Southwestern Bell Telephone Company, 517 S.W.2d 689, 692 (Tex. Civ. App. - Houston [1st Dist.] 1975, writ ref'd n.r.e.), which appear to characterize such franchise charges as gross receipt taxes, the great weight of authority supports the conclusion set forth in Attorney General Opinion H-1265, and we reaffirm it here. The franchise charges imposed by the city and measured as a percentage of the gross receipts of the utility are not a tax, but rather a rental charge paid in compensation for the use of the streets. You claim, however, that the charge is a tax and that the imposition of the charge violates article XI, section 9 of the Texas Constitution which provides, inter alia, that the property of counties devoted exclusively to the use and benefit of the public shall be exempt from taxation.

Assuming, arguendo, that such charge could fairly be denominated a tax, it is clear that article XI, section 9 has no relevence in this instance. Article XI, section 9 prohibits, inter alia, any political subdivision from imposing ad valorem taxation on the property of any county, city, or town which is devoted exclusively to the use and benefit of the public. No property of the county is even conceivably being taxed in this instance; no county property is involved. See, e.g., Wichita County Water Improvement District No. 2 v. City of Wichita Falls, 323 S.W.2d 298 (Tex. Civ. App. - Fort Worth 1959, writ ref'd n.r.e.); City of Fort Worth v. Reynolds, 190 S.W. 501 (Tex. Civ. App. - Fort Worth 1916, writ dism'd).

We find no statutory or constitutional prohibition against the payment of properly established telephone rates by counties. We conclude that the charge imposed by the telephone utility is not a tax; rather it is a rental imposed for the use of the streets. Were we to conclude, however, that such charge were a tax, we also conclude that such charge does not violate any constitutional or statutory provision which we have found or to which we have been directed.

### S U M M A R Y

A charge imposed by a municipality upon a telephone utility denominated a franchise fee and measured by a percentage of the gross receipts of the utility is not a tax; rather such charge is a rental imposed for the use of the streets. A telephone utility may pass through such charge to its customers, including the county, without violating statutory or constitutional provisions.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Jim Moellinger
Bruce Youngblood