## CITY OF EL PASO v. STATE.
### No. 8912.

Court of Civil Appeals of Texas. Austin.
Jan. 10, 1940.

Rehearing Denied Jan. 17, 1940.

Ernest Guinn, Coyne Milstead, and Frank B. Clayton, all of El Paso, for appellant.

Gerald C. Mann, Atty. Gen., and George W. Barcus, Pat M. Neff, Jr., and Judge Ocie Speer, Asst. Attys. Gen., for appellee.

BLAIR, Justice.

The State of Texas sued the City of El Paso to recover a tax of four cents per gallon on 70,579 gallons of gasoline imported from New Mexico and used by the City in its police cars, fire trucks, and other motor vehicles operated within the city limits, and used exclusively for governmental purposes; and recovered judgment as prayed; hence this appeal.

The portion of the tax statute (Art. 7065a—1 et seq.) applicable imposes the tax upon every person in this State who imports any motor fuel into this State and makes the first sale or use of same in this State in operating motor vehicles on the

public highways. It defines "first sale" and "person" as follows:

" 'First Sale' shall mean and include the first sale, distribution or use in this State of motor fuel refined, blended, imported into, or in any other manner produced in, acquired, possessed or brought into this State."

" 'Person' shall mean and include every individual, firm, association, joint stock company, syndicate, copartnership, corporation, trustee, agency or receiver."

The City contended below and here contends: (1) That a municipal corporation does not come within the meaning of the term "person" as used in the general tax statute, nor within the scope and purview of it with respect to the gasoline used exclusively for governmental purposes; and (2) that if it be so construed, then it is in violation of the provisions of Art. 8, Sec. 1, and Art. 11, Sec. 9, of the Texas Constitution, Vernon's Ann.St., which read as follows:

"All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value. * * *

"It may also impose occupation taxes, both upon natural persons and upon corporations, other than municipal, * * *.

"It may also tax incomes of both natural persons and corporations other than municipal *·* *." Art. 8, Sec. 1.

"The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor. Fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt * * * from taxation." Art. 11, Sec. 9.

▇ The statute declares the tax to be "an occupation or excise tax." Article 7065a—2. If the tax is an occupation tax, then it cannot be imposed upon municipal corporations, because the Constitution expressly exempts them from the payment of an occupation tax to the State. We regard the tax as being both an occupation tax and an excise tax, depending on the particular case. It is imposed upon the occupation of the distributor engaged in selling motor fuel as well as upon the privilege of using motor fuel in the operation of vehicles upon the public highways of this State. The tax upon the privilege of using motor fuel in the operation of motor vehicles on the public highways is manifestly an indirect or excise tax; and the question here presented is whether the legislature intended by the statute to impose this excise tax upon municipal corporations.

▇ We have reached the conclusion that when the general tax statute is construed in the light of the policy or principle of the above quoted fundamental law to generally exempt municipal corporations from the payment of taxes to the State, and the rules of statutory construction applicable, it must be held that the legislature did not intend to impose the excise tax in question upon municipal corporations. The constitution expressly exempts municipal corporations from any sort of ad valorem or property tax on their physical property devoted to public use, and also exempts them from at least three forms or species of excise taxes, to-wit; poll, occupation, and income taxes. The excise tax in question is not different from the last two mentioned excise taxes which the constitution expressly exempts municipal corporations from paying. The State concedes that "an occupation tax is only a species of an excise tax." Certainly a tax on income is an excise tax. Likewise is the tax on the privilege of using gasoline in the operation of a motor vehicle on the highways an excise tax. No real distinction can be made between the tax on the privilege of using gasoline in the operation of motor vehicles upon the highways and the tax on the privilege of engaging in the business of selling and distributing gasoline, or engaging in any business whereby a taxable income is made. All such taxes are indirect and are levied on the privilege of doing certain things. In consequence, if the imposition of the excise tax in question is not expressly inhibited by the constitution, it is manifestly in violation of its general policy or principle not to impose the same sort of taxes upon municipal corporations. Nor is the question free from doubt as to whether by the general exemptions stated the framers of the constitution did not intend that no taxes of any sort should ever be imposed by the State upon its municipal corporations. This view is further sustained by Art. 8, Sec. 17, which immediately follows the above quoted provisions with reference to exemption of municipal corporations, and which reads: "The specification of the objects and subjects of taxation

shall not deprive the Legislature of the power to require other subjects or objects to be taxed'in such manner as may be, consistent with the principles of taxation fixed in this Constitution."

■ Having theretofore specifically exempted municipal corporations from all forms of property taxes, and at least three specific forms of excise taxes, it can be argued with sound reason that the framers of the constitution intended to establish a policy or principle that the State should never impose any sort of taxes upon its municipal corporations. A decision in the instant case, however, need not go that far, because under the rule of statutory construction applicable, it must be held that since the tax statute did not by clearest words include municipal corporations, or impose the tax upon them, the legislature did not intend to impose the tax upon them. This rule is·stated in Vol. 1, Chap. 2, Sec. 91, p. 217, Cooley on Taxation, as follows: "General tax statutes of a state are never, without the clearest words, construed to include its own property or that of its municipal corporations, although not in terms exempted from taxation. This rule is sometimes referred to as an implied restriction on the power to tax, although in reality it would seem that it is not a limitation at all but merely a rule of construction of tax statutes."

As reason for the rule the same authority·further elaborates in Vol. 2, Chap. 12, Sec. 621, p. 1312, as follows: "Some things are always presumptively exempted from the operation of general tax laws, because it is reasonable to suppose they were not within the intent of the legislature in adopting them. Such is the case with property belonging to the state and its municipalities, and which is held by them for public purposes. All such property is taxable, if the state shall see fit to tax it; but to levy a tax upon it would render necessary new taxes to meet the demand of this tax, and thus the public would be taxing itself in order to raise money to pay over to itself, and no one would be benefited but the officers employed, whose compensation would go to increase the useless levy. It cannot be supposed that the legislature would ever purposely lay such a burden upon public property, and it is therefore a reasonable conclusion that, however general may be the enumeration of property for taxation, the property held by the state and by all its municipalities·for public purposes was in-

tended to be excluded, and the law will be administered as excluding it in fact, unless it is unmistakably included in the taxable property by the constitution or a statute."

The rule and reason for it are peculiarly applicable to the instant case. The general tax statute in question makes no mention of municipal corporations, and uses no language from which it could be reasonably inferred that the legislature intended to impose the excise tax upon them. Here the tax is imposed directly on the City and not indirectly on the seller of the gasoline, and in its final result constitutes a direct tax on the City in the exercise of its governmental functions, because the gasoline is used exclusively for governmental purposes. The only way the City can pay the tax is to levy an additional ad valorem tax on the property of its taxpayers. So, every fact or reason is present for invoking the rule that municipalities are not included within general tax statutes unless the legislative intent to that effect is expressed in "clearest words."

The rule is also applicable because of the principle or policy of the constitution to exempt not only the physical property of municipalities from taxation, but to also exempt them from paying several species of excise taxes similar to the excise tax imposed by the statute in question. It is, therefore, manifest that the imposition of the tax would clearly contravene the principle or policy of the constitution to exempt municipalities from paying the same sort or species of excise tax, which ·the rule declares shall not be done unless the legislative intent to that effect is expressed in the tax statute by "clearest words."

■ The State contends, however, that it cannot be presumed that the legislature did not intend to include municipal corporations in the term "corporation" as used in the statute, because it would have been an easy matter for the legislature to have excepted municipal corporations if it had intended to do so. This contention is diametrically opposed to the above quoted rule of statutory construction, which provides that before a municipality can be included in a general tax statute, the legislature must so declare by the "clearest words." It is also contrary to the general rule of statutory construction, particularly where municipal corporations are involved, that "the ordinary meaning of the word 'corporation' is private corporation," and the use by the legislature of the word "corporation" in another

statute has been held to refer only to private corporations; because, generally, the legislature "has shown a disposition to treat private corporations and municipal corporations as separate things." City of Tyler v. Texas Employers' Ins. Ass'n, Tex.Com. App., 288 S.W. 409, 410; McCaleb v. Continental Casualty Co., 132 Tex. 65, 116 S.W. 2d 679.

■ The State further contends that any construction different from that contended for by it would necessarily deprive dealers within this State "of their reasonable and legitimate profits on large quantities of gasoline required by such municipalities and giving of such business and profits to their competitors residing outside of the State." A complete answer to this contention is that since the State and its municipalities are exempt from the payment of the tax in question, we see no good reason why dealers within the State may not sell them the gasoline used for governmental purposes less the tax; and thus the dealers within the State are placed upon equal footing with competitors everywhere. If the tax is added to the sales price, then both the State and municipalities must levy some sort of tax to pay this excise tax, because it must be distributed to the several funds to which the statute appropriates it. The State must, therefore, appropriate out of its general fund enough to pay the tax on the gasoline used by its various departments for governmental purposes, and municipalities are compelled to levy an additional ad valorem tax on the property of its citizens to pay the tax on the gasoline used by them for governmental purposes. Thus the property of the citizens of both the State and its municipalities are charged with an additional ad valorem tax to pay the excise tax on gasoline used by them for governmental purposes, and this is true notwithstanding the fact that the policy of the constitution is to exempt both the State and its municipalities from taxation; and particularly so unless the tax statute by clear and unmistakable language imposes the tax upon them. This the legislature has not done in the instant statute, but to the contrary has clearly and expressly recognized any constitutional inhibitions or exemptions from such taxation by specifically providing, in the tax statute in question as follows: "No tax shall be imposed on any motor fuel, the imposing of which would constitute an unlawful burden on interstate commerce and which is not subject to be taxed under the Constitution

of the State of Texas and the United States; and provided, that the tax imposed herein shall be in lieu of any other excise or occupation tax imposed by the State or any political subdivision thereof, on motor fuel." Vernon's Ann.Civ.St. art. 7065a—2(c).

By this language, the legislature necessarily recognized the policy or principle of the constitution to exempt the State and its municipalities from the payment of the tax in question, and expressly provided that "no tax shall be imposed on any motor fuel * * * which is not subject to be taxed under the Constitution of * * * Texas * * *." If this direction of the statute is followed, and dealers in this State are not compelled to include in the sales price the four-cent tax on gasoline sold to the State or its municipalities for public use, then such dealers are on equal footing with competitors everywhere.

■ The City also invokes the rule of departmental construction of the tax statute in question, which as applied to the instant case is the same as the rule of statutory construction herein invoked by us, and therefore need not be discussed at length. Suffice it to say that on January 11, 1930, the Attorney General's Department, by a conference opinion, interpreted the tax statute in question as imposing essentially an occupation tax, and held that municipal corporations were exempt from paying it under the above quoted provisions of the constitution. In accordance with this opinion, the authorities charged with the collection of the tax never attempted to impose it upon municipalities importing gasoline from other states. On September 28, 1937, the authorities charged with the duty of collecting the tax again called upon the Attorney General's Department to rule on the matter, and by a conference opinion the statute was interpreted as imposing essentially an excise tax, and it was held that an excise tax, as distinguished from an occupation tax, could be legally imposed upon municipalities, and that the legislature so intended by the statute in question. This opinion is quoted as the State's brief herein. The attempt to collect the tax under this opinion precipitated this suit. During the seven-year period between the two opinions of the Attorney General's Department the legislature amended the tax statute several times, but did not amend it so as to specifically include municipal corporations within its provisions. That grave doubt existed

as to the proper construction of the tax statute is evidenced by the conflicting opinions and rulings of the governmental departments charged with the duty of enforcing the statute. This doubt existed both as to whether the municipalities were exempt under the policy or principle of the constitution to generally exempt them from taxation, and as to whether the legislature intended to include them within the tax statute. Thus every fact and condition is present upon which the courts will ordinarily adopt and uphold a construction of a statute by an executive officer or department charged with its enforcement. The rule with respect to both grounds of doubt here pointed out is discussed at length in 39 Tex. Jur., pp. 232-235, §§ 124-126, and cases there cited, which also sustain our construction of the statute as not imposing the tax in question upon municipalities.

The judgment of the trial court is reversed and judgment is here rendered for the City of El Paso.

Reversed and rendered.