STATE OF TEXAS V. CITY OF EL PASO.

No. 7754. Decided October 9, 1940.
Rehearing overruled November 6, 1940.
(143 S. W., 2d Series, 366.)

360

*Gerald C. Mann,* Attorney General, *Geo. W. Barcus, Pat M. Neff, Jr., Ocie Speer,* Assistants Attorney General for plaintiff in error.

The motor fuel tax law of this State imposes an excise tax with respect to motor fuel or gasoline purchased outside the State of Texas and brought into the State, and it was the intention of the Legislature to impose such tax upon municipal corporations such as the City of El Paso, where such municipal corporation otherwise comes within the scope of the act imposing the liability. Jones v. Williams, 121 Texas 94, 45 S. W. (2d) 130; Cooley on Taxation (3rd Ed.) p. 357; Ind. Sch. Dist. v. Pfost, 51 Idaho 240, 4 Pac. (2d) 893; State v. Wynne, 134 Texas 455, 133 S. W. (2d) 951.

*Frank B. Clayton,* City Attorney of El Paso, for defendant in error.

The Texas motor fuel tax law is not applicable to municipal corporations because a municipal corporation being neither a "person" nor a "corporation" within the meaning of the act cannot be a distributor as defined by said act. All property devoted exclusively to the use and benefit of the public is, under the Constitution, exempt from taxation and to levy the tax against the City of El Paso in pursuance of its lawful governmental function would be to lay an unlawful burden on governmental functions. City of Tyler v. Texas Emp. Assurance Assn., 288 S. W. 409; Sheppard v. Oil Refining Co., 68 S. W. (2d) 1101; City of Louisville v. Cromwell, 27 S. W. (2d) 377.

*R. E. Rouer,* City Attorney of .Fort Worth, *Sewall Myer,* City Attorney of Houston, *H. P. Kucera,* City Attorney of Dallas, files brief as amici curiae.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This suit was filed in the District Court of Travis County, Texas, by the State of Texas against the City of El Paso, Texas, a municipal corporation, to recover taxes, penalties, and interest upon 70,579 gallons of gasoline alleged to be payable under the Motor Fuel tax laws of this State. The State was awarded a judgment in the district court. The Court of Civil Appeals at Austin reversed this judgment, and rendered judgment for the City of El Paso. 135 S. W. (2d) 763. The case is in this Court on writ of error granted on application of the State.

The City is a municipal corporation duly incorporated under the laws of this State, and was such during all the times here involved. The City imported from the State of New Mexico 70,579 gallons of gasoline and used same in its police cars, fire trucks, and other motor vehicles. Such motor vehicles were operated exclusively on the streets of the City, and purely for municipal and governmental purposes. It is admitted that the City has paid no taxes on the use of such gasoline.

It is contended by the State that the City is liable to pay the State the four cents per gallon tax levied by Article 7065a-2, Vernon's Texas Statutes, 1936. In this connection, the State contends that under the above facts the City made the first sale of this gasoline in this State within the meaning of the pertinent provisions of Article 7065a-1.

As we interpret its brief and arguments, the City contends: (a) That the statutes of this State do not attempt to levy the four (4) cents motor fuel tax in effect in this State against municipal corporations; and (b), that if such statutes do make such attempt, they are to that extent unconstitutional and void.

Subdivision (a) of Article 7065a-2 imposes "an occupation or excise tax of four (4) cents on each gallon of motor fuel or fractional part thereof."

Subdivision (b) of Article 7065a-2 provides that "The tax shall accrue on the first sale so that a single tax only will be collected on the same gallon of motor fuel, it being intended to impose the tax at its source in Texas, or as soon thereafter as such motor fuel may be subject to being taxed."

Subdivision (b) of Article 7065a-1 defines "Motor Vehicle"

to "mean and include every vehicle operated upon the highways of this State which is propelled by the use of motor fuel."

Subdivision (c) of Article 7065a-1 defines "Distributor" as follows:

"(c) 'Distributor' shall mean and include every person in this State who refines, manufactures, produces, blends or compounds motor fuel, or in any other manner acquires or possesses motor fuel and makes first sale of the same in this State; and it shall also include every person in this State who ships, transports or imports any motor fuel into this State and makes the first sale of same in this State."

Subdivision (d) of Article 7065a-1 defines "First Sale" as follows:

"(d) 'First Sale' shall mean and include the first sale, distribution or use in this State of motor fuel refined, blended, imported into, or in any other manner produced in, acquired, possessed or brought into this State."

Subdivision (e) of Article 7065a-1 defines "person" as follows:

"(e) 'Person' shall mean and include every individual, firm, association, joint stock company, syndicate, co-partnership, corporation, trustee, agency or receiver."

Subdivision (f) of Article 7065a-1 defines "Dealer" as follows:

"(f) 'Dealer' shall mean and include every person other than a distributor who engages in the business in this State of distributing or selling motor fuel within this State."

Subdivision (g) of Article 7065a-1 defines "Public Highway" as follows:

"(g) 'Public Highway' shall mean and include every way or place of whatever nature open to the use of the public as a matter of right for the purpose of vehicular travel."

We shall first dispose of the contention of the City to the effect that, if our motor fuel tax laws attempt to levy the four cents motor fuel tax thereby imposed on a municipal corporation, such laws are, to that extent, in violation of our State Constitution.

A careful examination of our Constitution discloses that the only inhibitions, restraints, or exemptions contained therein

with reference to municipal corporations are found in Section 1 of Article VIII and Section 9 of Article XI.

So far as pertinent here, Section 1 of Article VIII of our Constitution provides:

"Section 1. * * * All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, * *. It may also impose occupation taxes, both upon natural persons and upon corporations, other than municipal, * *. It may also tax incomes of both natural persons and corporations other than municipal, * *."

Section 9 of Article XI of our Constitution reads as follows:

"Sec. 9. The property of counties, cities and towns, owned and held for public purposes, such as public buildings and sites therefor. Fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation, provided, nothing herein shall prevent the enforcement of the vendors lien, and mechanics lien or builders lien, or other liens now existing."

■ An examination of the above-quoted constitutional provisions discloses that they operate to exempt municipal corporations from only three classes of taxes. These are ad valorem taxes, occupation taxes, and income taxes. It is too plain to admit of debate that the taxes here sought to be recovered by the State are not ad valorem or income taxes. We are therefore left to determine only the question as to whether or not they are occupation taxes. Of course, if they are occupation taxes, the City is exempt under Section 1 of Article VIII of our Constitution, supra.

As already shown, the City purchased this motor fuel, or gasoline, from a dealer in New Mexico. The City then had such gasoline transported to Texas, and used it in its motor vehicle operated on its streets. No actual sale ever took place in Texas. (We here use the term *sale* in its ordinary sense.) It follows that if any tax is due the State in this instance, it is by virtue of the fact that this motor fuel was used in motor vehicles operated on the public highways of this State, By no known rule of law can a tax levied on such use be classed as an occupation tax. It follows that the tax here sued for is manifestly a tax on using motor fuel in the operation of motor vehicles on the public highways of this State. Such tax is an indirect or excise

tax. This being true, the constitutional exemption of municipal corporations from occupation taxes cannot apply.

■ We now come to determine whether or not our motor fuel laws impose this tax on municipal corporations. Subdivision (a) of Article 7065a-2, supra, imposes a four cents tax on each gallon of motor fuel or fractional part thereof. Subdivision (b) of the same Article makes such tax accrue on the "first sale." Also, under such subdivision (b) a single tax only will be collected. Subdivision (d) of Article 7065a-1 defines "first sale" to "mean and include the first *sale* * * or *use* in this State." From the several statutory provisions it is evident that the legislative intent, as expressed in the above statutes, is to impose a motor fuel tax of four cents per gallon on the first sale of *motor fuel, where such fuel is actually sold in Texas. It is further evident that the Legislature intended to impose a four cents per gallon user tax on all motor fuel used on the public highways of this State in instances where the user obtains such motor fuel under such circumstances that no actual sale thereof transpires in Texas. Simply stated, when our motor fuel tax laws are read and construed as a whole, it is evident that the tax levied for use of motor fuel in this State and the tax levied for sale of motor fuel are the same. Under the express words of the statute, use of motor fuel without actual sale in this State is still a statutory sale; that is to say, "first use" is the "first sale" for taxation purposes where there is no actual first sale.

■ We now come to determine whether or not a dealer who sells motor fuel to a city for municipal use by such city on the public highways of this State is exempt from the four cents per gallon motor fuel tax levied by our motor fuel tax laws. Again referring to the above-quoted statutes, we find that they contain no direct provision making such exemption. Also, we find that such statutes contain no language which would justify us in construing them as intending such an exemption. It follows that dealers who sell motor fuels to cities in this State for use on public highways are liable to pay the statutory four cents per gallon motor fuel tax levied by our motor fuel tax laws. It further follows that cities which use motor fuel upon the public highways of this State, not actually sold in this State, are due to pay a user tax thereon of four cents per gallon.

■ The City earnestly insists that our motor fuel tax statutes cannot be held to apply to it because it is not a "Person" within the meaning of subdivision (e) of Article 7065a-1, above quoted. The statute just mentioned, so far as applicable here,

defines "Person" as to "mean and include every * * corporation, * * agency, * *." The City contends that it is not a corporation or agency within the meaning of the above statute. We are aware of the fact that it is a general rule of statutory construction that a tax imposed by law upon corporations will not be held to be imposed upon municipal corporations unless the intent to do so clearly appears, or, stated in another way, is free from doubt. In this instance we think that beyond any doubt our motor fuel tax laws tax the first actual sale of motor fuel in this State, regardless of whether or not it is sold to a city. To hold that a city can purchase motor fuel outside the State and escape the user tax, would be to hold that the Legislature has deliberately enacted a law which would, for all practical purposes, prevent dealers within the State from selling motor fuel to cities and other governmental agencies. We do not believe that the statutes evidence any such intent. We think the statutory definition of "Person," as contained in subdivision (e) of Article 7065a-1, covers all corporations or agencies which actually sell motor fuel in Texas. This being true, the statute also covers all corporations or agencies which use motor fuel when there is absent an actual sale in this State.

■ It appears that all the gasoline, or motor fuel, here involved was used by the City in motor vehicles belonging to it and operated by it on its own city streets. This fact can give no comfort to the City. The motor fuel here involved was used on the public highways of this State, because subdivision (g) of Article 7065a-1 provides that " 'Public Highway' shall mean and include every way or place of whatever nature open to the use of the public as a matter of right for the purpose of vehicular travel." Certainly a street of a city is a "Public Highway" within the meaning of the statute just mentioned.

We have carefully read and considered the opinion of the Court of Civil Appeals in this case. As we interpret such opinion, it does not hold that cities are exempted from these taxes under our Constitution. In fact, we interpret such opinion to hold to the contrary. We agree with such holding.

The Court of Civil Appeals holds that even in instances where motor fuel is purchased by municipal corporations outside this State and used by them on our public highways, no user tax is imposed upon such corporations by our motor fuel tax laws. The Court of Civil Appeals then reasons and holds that since no user tax is imposed upon municipal corporations in such instances, no sales tax is imposed upon dealers who sell motor fuel to municipal corporations within this State.

If we were in accord with the holding as to the user tax, we would be compelled to agree with the holding as to the sales tax. We approach the question from the opposite direction. We hold that our motor fuel tax laws undoubtedly impose a motor fuel tax upon dealers who sell motor fuel to municipal corporations in this State for use on our public highways. We then hold that it must follow that where motor fuel is purchased by municipal corporations outside this State, such corporations are due to pay the user tax where such motor fuel is used on public highways in this State.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the district court affirmed.

Opinion delivered October 9, 1940.

Rehearing overruled November 6, 1940.

Chief Justice Moore disqualified and not sitting.