

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 12, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Mr. Calvert:

Opinion No. WW-721

Re: Whether items purchased
by the Board of Control
for use by State Agencies
are subject to the tax
levied by Chapter 20,
H.B. 11, 56th Leg., 3rd
C.S. and related questions.

You have requested an opinion on the following questions
pertaining to the taxes imposed by Chs. 20 and 23 of H.B. 11,
3rd C.S. of the 56th Legislature:

"1.  Are items purchased by the Board of
Control for use by State Agencies or for use
by the State in any form subject to the tax
levied by this Article /H.B. 11, Ch. 20/?

"2.  Some State Agencies are not required
to make the purchases through the Board of
Control.  Are items purchased by these Boards
or Agencies for the use of this Agency or
for the use of the State or its employees
subject to the tax levied under this Article?

"3.  Is a state employee traveling at state
expense required to pay the hotel occupancy
tax levied under Chapter 23 of this Article?

"In the event you hold that items sold under
questions 1 and 2 of this request are taxable,
then is the seller of such items required to
obtain a permit?"

Ch. 20 of H.B. 11 levies certain excise taxes upon users of
the products specified therein.  Article 20.07, Sec. (a) provides:

"Every retailer who makes a sale or distri-
bution of an item taxable under this Chapter
in Texas to the user shall add the amount of
said tax to the selling price of such item which
said tax shall be collected from the purchaser
or recipient of such item at the time of such
sale or distribution, and said tax shall be

reported and paid to the State of Texas as
hereinafter provided."

"User" is defined in Article 20.01(p):

"'User' shall mean and include every
person who purchases, uses or acquires in
any other manner any item taxable under
this Chapter for his own use in Texas and
who does not purchase or acquire same for
the purpose of resale."

"Person" is defined by Article 20.01(a):

"'Person' shall mean and include any
individual, firm, co-partnership, joint
venture, association, social club, fraternal
organization, corporation, estate, trust,
business trust, receiver, assignee for the
benefit of creditors, trustee, trustee in
bankruptcy, syndicate, the United States,
any agency, institution or instrumentality
of the United States, this State, any agency,
institution, political subdivision or in-
strumentality of this State, or any other
group or combination acting as a unit."

The conclusion that the tax imposed by Ch. 20 applies to
items purchased by the State of Texas is inescapable; there
is no exemption from such tax either in the statutes or the
Constitution of the State of Texas.[1]

---

[1]
In this connection, attention is directed to the case of
State v. City of El Paso, 143 S.W.2d 366 (Tex.Sup.Ct. 1940)
in which it was held that the City of El Paso was not exempt
from payment of excise taxes upon gasoline used by the city
purchased in the state of New Mexico. The holding was based
upon the fact that since the Texas Constitution exempted munici-
pal corporations only from ad valorem, income, and occupation
taxes, the city was not exempt from the payment of an excise
tax. The contention of the city that it was not a corporation
or agency within the meaning of the word "person" contained in
the motor fuel excise tax law was over-ruled by the Court in
the following language:

"We think the statutory definition of 'person'
as contained in subdivision (e) of Article 7065a-1
covers all corporations or agencies which actually

However, even though the State is subject to the taxes imposed by Ch. 20, it cannot pay them. Article VIII, Section 6 of the Texas Constitution states:

> "No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years, except by the first Legislature to assemble under this Constitution, which may make the necessary appropriations to carry on the government until the assemblage of the sixteenth Legislature."

In reference to this Section, Attorney General's Opinion No. O-6794 (1945) held that in the absence of a specific appropriation providing for payment of taxes due counties and school districts on prison land, the Texas prison system could not pay such taxes from prison income. Under the authority of this opinion, it is obvious that agencies of the State of Texas may not pay the taxes imposed by Ch. 20 unless a specific appropriation for such purpose is made by the Legislature. (In this connection, it does not matter whether state agencies make purchases independently or through the Board of Control.) No such appropriation has been made.

Article 20.11 of H.B. 11 states:

> "(a) From and after the effective date of this Chapter, all retailers of items taxable under Articles 20.02, 20.03 and 20.04 of this Chapter in this State, now engaged or who desire to become engaged in the sale, use or distribution of items taxable under Articles 20.02, 20.03 and 20.04 of this Chapter, /shall obtain a permit7. . .No retailer shall make a sale, use

---

1 (Cont'd.)

> sell motor fuel in Texas. This being true the statute also covers all corporations or agencies which use motor fuel when there is absent an actual sale in this State." (Emphasis added.)

It is apparent that any attempt to extend the constitutional exemption of municipal corporations from occupation, income and ad valorem taxes so as to relieve the State from payment of the taxes in question would be mollified by the reasoning and language of the foregoing case. (The Texas Constitution contains no other exemption provision applicable to the facts in issue.)

or distribution of any item taxable under Articles
20.02, 20.03 and 20.04 of this Chapter until
such application has been filed and a permit
has been obtained."

Though the State has no authority to pay the taxes imposed
upon the items specified in Chapter 20, such items, when sold
to the State, are technically "taxable" within the meaning of
Article 20.11.  Therefore, persons making sales of such items
to the State are required to obtain a permit.

Your last question is directed to whether or not state
employees traveling at state expense are required to pay the
hotel occupancy tax levied under Chapter 23 of H.B. 11, 3rd
C.S. of the 56th Legislature.

State employees renting hotel rooms in the course of
travel at State expense may be compensated in two ways:

1.  By a per diem reimbursement in lieu of actual expenses.

2.  Reimbursement of actual expenses incurred.

In neither situation does the State of Texas contract directly
with the hotel.  Regardless of how the state employee is
reimbursed when he rents a hotel room, he is acting in his
private capacity and incurs the tax in such capacity.  Payment
of the tax and the price of occupancy is made out of the
employee's private funds; the employee does not act as the agent
of the State in renting the hotel room, and payment for occu-
pancy of the room is not made out of state funds.  The employee
is (within practical limits) at liberty to stay in the hotel
of his choice, or not to stay in a hotel at all.  The employee's
expenses are reimbursed according to his contract[2] with the
State.  Under these facts, the tax is not imposed upon the

----

[2] Expense reimbursement is part of the employment contract with
the State.  To illustrate, an employee compensated on a per
diem basis receives the same amount for each day's travel re-
gardless of the price of any hotel room that might have been
rented (and regardless of whether a hotel room was actually
rented) in the course of such travel.  Obviously in this situa-
tion there is no direct connection between the State and the
hotel.  Likewise, in cases where the employee is paid for actual
expenses, reimbursement is made pursuant to the employement con-
tract.  The State merely contracts with the employee to reimburse
him for actual expenses incurred.  The price of occupancy of a
hotel room is merely one of such expenses, as is the hotel occu-
pancy tax.  The State does not contract directly with the hotel,
and does not act through the employee as agent when the employee
rents a hotel room.

State, consequently, there is no question as to whether the State is liable for payment thereof. The tax is a liability of and must be paid by the employee.

## SUMMARY

Though agencies of the State of Texas are subject to the taxes imposed by Chapter 20 of H. B. 11, 3rd C.S., 56th Leg., there is no appropriation specifically for the purpose of paying the taxes; therefore, the State may not pay them. But even though the State is prevented from paying the taxes, the items specified in Chapter 20 are technically "taxable"; consequently persons selling such items to the State are required to obtain the permit required by Article 20.11 of said Chapter.

A State employee traveling at state expense is required to pay the hotel occupancy tax; the employee acts in his private capacity in contracting for the hotel room and incurs the tax in such capacity. The State does not contract with the hotel for payment of the price of occupancy, but only reimburses the employee, either on a per diem basis, or by paying him for actual expenses incurred (in which latter case the tax paid by the employee is one of such actual expenses). Under these circumstances, there is no question of whether the State is liable for payment of the tax.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
Jack N. Price
Assistant

JNP:CM

APPROVED:
OPINION COMMITTEE:
John Reeves, Chairman

Milton Richardson
Henry Braswell
Linward Shivers

REVIEWED FOR THE ATTORNEY GENERAL

By:  W. V. GEPPERT