

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 19, 1962

Mr. Robert S. Calvert                    Opinion No. WW-1502
Comptroller of Public Accounts
Austin, Texas                           Re: Whether motor fuel
                                             purchased for use
                                             of the Texas National
                                             Guard is subject to
                                             the State excise tax
                                             imposed by Ch. 9,
                                             Title 122A, Taxation-
                                             General, Revised Civil
Dear Mr. Calvert:                            Statutes.

        You ask whether sales of motor fuel to the Texas
National Guard are exempt from the Texas motor fuel excise
tax imposed by Chapter 9 of Title 122A, Taxation-General,
Revised Civil Statutes of Texas.

        Our answer is that all motor fuel purchased by the
United States Property and Fiscal Officer and used by the
Texas National Guard is exempt, but that all such fuel pur-
chased for use of the Guard while it is on active State duty
under command of the Governor of Texas is subject to this tax.


                              1.

        A letter to this office from Col. Carl F. Schupp II,
the United States Property and Fiscal Officer for Texas, gives
the following information relative to the three separate statuses
of the Guard and the purchase of motor fuel for each.

        Col. Schupp states that the Guard may have the status
for any particular duration of time of being on (1) Federal
active duty at which time it is on the active list of the U. S.
Army, or (2) inactive Federal status, or (3) active State duty
upon call-up by the Governor of Texas.

        He states, also, with reference to purchase of motor
fuel for the Guard, that:

        1) while the Guard is on active Federal duty all gaso-
line it uses is furnished by the U. S. Department of Defense.

2) while the Guard is on inactive Federal status, all motor fuel for it is purchased by the U. S. Property and Fiscal Officer of Texas for the exclusive use of the Guard and paid for by funds furnished by Congress for operation and maintenance of its Army National Guard. This motor fuel is delivered into the exclusive possession of the U. S. Property and Fiscal Officer who is a commissioned officer on the active list of the United States Army detailed to the National Guard Bureau. All petroleum products purchased by this office are paid for by the Finance and Accounting Officer, Fort Sam Houston, Texas. Procurements are made on Federal contract form and/or purchase orders for the Texas National Guard, both Army and Air. This gasoline is delivered in kind to the various using units of the Guard for their exclusive use under U. S. Army regulations.

3) while the Guard is on active State duty, the motor fuel purchased for and used by it is purchased by the State of Texas with State funds.

All vehicles which use motor fuel are owned by the United States.

2.

The case of McCulloch v. Maryland, 4 Wheaton 316 (1819), established the principle that no state may tax any function or property of the United States. The Constitution of the United States, Art. 1, Sec. 7, grants to Congress the exclusive power "To raise and support Armies, . . .". The Army of the United States is composed in part of ". . . the Army National Guard while in the service of the United States, . . .".[1] The "Army National Guard"[2] is composed in part of the Texas National Guard.

The motor fuel tax law (Ch. 9, Title 122A, V.C.S.) expressly provides that motor fuel sold to the Federal Government for the exclusive use of the Federal Government may be sold tax-free.[3] Further, these statutes[4] provide for a refund

---

[1] 10 U.S.C.A. Sec. 3062 (70 A. Stat. 166).

[2] 32 U.S.C.A. Sec. 101 (72 Stat. 1542).

[3] Article 9.05 (1) and (3), V.C.S.

[4] Article 9.13 (8), V.C.S.

of this tax upon all motor fuel sold to the United States Government for the exclusive use of the Government. These statutes[5] require specific reports covering motor fuel sold to the United States Government.

3.

We now consider the reasons for our holding that motor fuel used by the Guard when it is on active State duty under command of the Governor of Texas is subject to this tax.

We know of no constitutional prohibition against the Legislature levying an excise tax to be paid by the State and its agencies. The law is settled that our State Constitution

> ". . . is in no manner a grant of power. It operates solely as a limitation of power. All power which is not limited by the Constitution inheres in the people, and an act of a state legislature is legal when the Constitution contains no prohibition against it." Watts v. Mann, 187 S.W.2d 917, 923 (Civ.App. 1945, error ref.)

See also State v. Wynne, 134 Tex. 455, 133 S.W.2d 951, 958 (1939); 40 Tex.Jur. 20-21, Taxation, Sec. 8.

The tax under consideration is an excise tax. State v. City of El Paso, 135 Tex. 359, 143 S.W.2d 366, 369 (1940).

We recognize the well-established general principle that usually the Legislature does not intend to tax property of the State. This principle is stated in Lower Colorado River Authority v. Chemical Bank & Trust Company, 144 Tex. 326, 190 S.W.2d 48, 51 (1945); City of Marlin v. State, 205 S.W.2d 809, 810 (Civ.App. 1947). However, we distinguish the authority for our holding upon the fact that these authorities apply this principle to ad valorem taxes and not to excise taxes. Further, in the absence of express constitutional prohibition against such an excise tax as the one under consideration, this general principle is one of statutory construction only. Cooley on Taxation (4th.

---

[5] Articles 9.03 (1) and 9.05 (3), V.C.S.

Mr. Robert S. Calvert, Page 4 (Opinion No. WW-1502)

Ed. 1924), Vol. 1, p. 217, Sec. 91 and Vol. 2, pp. 1312-1317, Sec. 621; Eagle Point Irr. Dist. v. Cowden, 1 P.2d 605 (Ore. Sup. 1931). Several distinctions between an ad valorem tax and an excise tax are stated in State v. Wynne (supra at p. 956).

The very broad and specific provisions of the motor fuel tax statutes (Ch. 9, Title 122A, V.C.S.) make clear that the Legislature did not intend to exempt from this tax the motor fuel purchased by the State for the Texas National Guard. We mention several provisions of these statutes which make·this intent clear:

1) The statutes are general in their application and the Legislature certainly knew at the time of passage of these statutes and of their amendments that the State purchased and consumed large quantities of motor fuel in motor vehicles operated by it.

2) Article 9.02 (1) imposes the tax ". . . upon the first sale, distribution, or use of motor fuel in this State . . ." without any exceptions.

3) While motor fuel and certain other petroleum derivatives may be sold tax-free to the Federal Government under the provisions of Article 9.05, subd. (1) and (3), and while the tax paid upon motor fuel sold to the United States Government for the exclusive use of said Government is expressly subject to tax refund under Art. 9.13 (8), yet in none of these statutory provisions which make specific reference to the Federal and United States Government is the State mentioned; nor may the State be implied from the wording of any of these provisions.

4) The State is not mentioned in Article 9.03 (1) wherein the United States Government is specifically mentioned.

5) The State is neither mentioned nor implied in Article 9.02 (4) which makes certain specific exemptions from this tax.

6) The provisions for refund of the tax contained in Article 9.13, subd. (2), (4), (6), (7) and (8) are both specific and comprehensive and make no provision for refund of the tax on motor fuel purchased by or for the State of Texas.

Art. 9.02 (1) levies the tax upon the purchaser or recipient of the first sale of motor fuel in the following language:

"There shall be and is hereby levied and imposed (except as hereinafter provided) upon the first sale, distribution, or use of motor fuel in this State an excise tax of five cents (5¢) per gallon or fractional part thereof so sold, distributed, or used in this State. Every distributor who makes a first sale or distribution of motor fuel in this State for any purpose whatsoever shall, at the time of such sale or distribution, collect the said tax from the purchaser or recipient of said motor fuel, in addition to his selling price . . ."
(emphasis added).

This statute levies the tax upon every "purchaser or recipient", and not upon only a "person" as defined in Art. 9.01 (6) of the motor fuel act. The definition of "first sale" in Art. 9.01 (10) is not restricted to any particular kind of "purchaser or recipient".

Also, you inform us that your departmental construction since 1941 has been that motor fuel purchased by the State and used by the Guard is subject to this tax, and we feel that your departmental construction is entitled to great weight. Burroughs v. Lyles, 142 Tex. 704, 181 S.W.2d 570, 573 (1944). Payment of the tax by the State and its agencies since 1941 is a matter of financial concern which, we have no doubt, has been well known to the several Legislatures which have convened since that date. The acquiesence in this statutory construction should be given great weight. Clark v. Atlantic Pipe Line Co., 134 S.W.2d 322, 328-329 (Civ. App. 1939, error ref.); Stanford v. Butler, 142 Tex. 692, 181 S.W.2d 269, 273-274 (1944).

Our holding that the State must pay to itself this tax is distinguished from the holdings in Attorney Generals' Opinions Numbers O-6791 (1945) and WW-721 (1959). The first of these opinions held that the State was not liable for ad valorem taxes

on lands owned by the Texas Prison System; the second held that the State was not liable for certain excise taxes on items purchased for its use by the Board of Control. Both opinions were based upon the ground that no appropriation had been made by the Legislature to cover such taxes. The last general appropriation to the Adjutant General's Department for the Texas National Guard[6] is broad enough to cover payment of the State excise tax on motor fuel purchased by the State for use by the Texas National Guard.

---

[6] Acts 1961, 57th Leg., 1st.C.S., Ch. 62, p. 203.

## SUMMARY

1. Motor fuel furnished by the U. S. Department of Defense and that purchased by the U. S. Property and Fiscal Officer for use of the Texas National Guard while the Guard is on active and inactive Federal status is exempt from payment of the motor fuel excise tax imposed by Ch. 9 of Title 122A, Taxation-General, Revised Civil Statutes.

2. Motor fuel purchased by the State of Texas for use of the Guard while it is on active State duty under Command of the Governor of Texas is subject to this motor fuel tax.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: W. E. Allen
Assistant Attorney General

WEA:pw

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Joseph Trimble
Grundy Williams
W. O. Shultz
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore