

# THE ATTORNEY GENERAL
## OF TEXAS

### Austin 11, Texas

**WILL WILSON**
**ATTORNEY GENERAL**

March 23, 1962

Mr. Robert S. Calvert
Comptroller of Public Accounts
State of Texas
Austin, Texas

Opinion No. WW-1280

Re: Whether tax refund may
be made on special fuel
delivered by the user
thereof into the fuel
supply tank of a motor
vehicle, under the pro-
visions of Chap. 10 of
Title 122A, Taxation-
General.

Dear Mr. Calvert:

You ask the opinion of this office relative to two questions concerning refund of the State excise tax imposed on Special Fuels by Chapter 10 of Title 122A, Taxation-General, V.C.S., and which fuels have been delivered by the user into the fuel supply tank of a motor vehicle. Your questions are as follows:

"1. Does Article 10.14(3). . .preclude
payment of a tax refund on any part of a
delivery of special fuels into the fuel
supply tank of a motor vehicle for pro-
pulsion on the highway which is used to
operate stationary air conditioning units
installed on said vehicle?

"2. If you should hold that payment of a
tax refund as described in Question 1, is not
precluded by law, then the invoice required
by Article 10.14(2) to be issued at the time
of appropriation for use and not thereafter
and a copy filed as part of the claim, could
not be issued until after the fuel had been
used since the quantity used in such air
conditioners would be computed from the per-
hour use factor. In such case, could the
Comptroller accept, as consistent with the
law, an invoice issued at the end of the
day or other operating period showing the
total gallons appropriated and used in such
air conditioning units when such invoice is
filed as a part of the refund claim?"

We answer your first question "Yes". This answer precludes our answering your second question.

The facts which have given rise to your questions are stated by you as follows:

> "The San Antonio Transit System, owned
> and operated by the City of San Antonio,
> has asked for an opinion as to whether or
> not it can compute the tax on special fuels
> used in its bus air conditioning units for
> tax refund purposes in which the fuel is
> not physically measured but is based on the
> quantities shown to have been used each hour
> cf operation in tests made on each type and
> model air conditioner used.

> "The special fuels purchased by the San
> Antonio Transit System is predominantly
> for delivery into the fuel supply tanks
> of its vehicles for use on the highway.
> Article 10.11 classifies such operation
> as a non-bonded user required by Article
> 10.03(3) to pay the tax to its supplier
> with the right granted by Article 10.14(1)
> to claim tax refund on the fuel used for
> any purposes other than propelling motor
> vehicles on the highway (such as use in
> air conditioners).

> "Its air conditioning units are operated
> while the vehicles are being propelled over
> the streets with fuel supplied from the same
> fuel tank used to propel the motor vehicles.
> The flow lines to the air conditioners are
> not equipped with meters or other measuring
> devices to measure the fuel used in such units.

> "The San Antonio Transit System proposes to
> account for the special fuels used in such
> air conditioners on an hourly basis computed
> as follows:  some of the air conditioners
> would be tested with measured special fuels
> while operating. . . to determine the quan-
> tity used per hour of operation. The hourly
> quantity so determined would be multiplied by
> the aggregate number of hours all of the air
> conditioning units  operated during the month
> to establish the total gallons used and tax

refund claims would be filed on the total
gallons shown."

In 1959, at its Third Called Session, the 56th Legislature
enacted the present "Special Fuels Tax Law" (sometimes herein-
after referred to as this Law). This Law is Chapter 10 of
House Bill No. 11; this House Bill constitutes Chapter 1 of the
Acts of this Third Called Session, shown at page 187, et seq.,
of the Official Acts of the Called Sessions of the 56th Legis-
lature. Chapter 10 of this House Bill is codified by Vernon
as Chapter 10 of Title 122A, Taxation-General.

Article 10.14(3) of the Special Fuels Tax Law reads as
follows:

> "(3)  Any dealer or user who shall file
> claim for refund of the tax on any special
> fuel which has been delivered into the
> fuel supply tank of a motor vehicle, or
> who shall file any invoice in a claim for
> tax refund upon which any date, figure,
> signature or other material information
> is false or incorrect, shall forfeit his
> right to the entire amount of the refund
> claim filed."  (Underscoring added.)

We believe that this Section (3) controls and prevails over all
other provisions of this Law relating to refund of taxes on
special fuels. Further, we believe all of the refund provisions
relating to special fuels must be strictly construed in that they
are in the nature of exemptions from taxation. City of Longview
v. Markham-McRee Memorial Hospital, 137 Tex. 178, 152 S.W.2d
1112 (1941), State v. City of El Paso, 135 Tex. 359, 143 S.W.2d
366 (1940), 40 Tex.Jur. 109, Taxation, Sec. 74. Very clearly
the Special Fuels Tax Law is complete in every respect with
reference to the authorization for, and the manner of making
claim for and payment of refunds of the tax paid to the State
on all special fuels.

We observe that this Law makes distinction between:

One:  Appropriation for use of special fuels (see
      Sections (1) and (2) of Article 10.14).

Two:  Use of special fuels, whether to propel motor
      vehicles upon or off the public highways, or
      for some other purpose (see Articles 10.14(1),
      10.05(2) and 10.12(3)).

Three:    Delivery into the fuel supply tanks of motor
          vehicles.  (see Articles 10.03(5), 10.13(4)
          and 10.14(3)).

Article 10.03 of this Law, which levies the tax on special
fuels, in Section (5) states in part:

> "Every user shall report and pay to this
> State the tax, at the rate imposed, on
> each gallon of special fuels delivered
> by him into the fuel supply tanks of
> motor vehicles, unless said tax has been
> paid to a licensed supplier. . . ."

We do not believe that the special provisions of Article 10.08
which authorize the Comptroller, in his discretion, to use a
mileage basis in determining the amount of tax due to be appli-
cable to the fact situation under consideration.  Further, we
do not believe that you are authorized by Article 10.21 of the
Law to promulgate rules and regulations relating to the eligi-
bility of special fuel for tax refund which would conflict with
the clear mandatory provisions of this Law which relate to
special fuel which has been delivered into the fuel tanks of
motor vehicles.  (Articles 10.03(5), 10.13(4) and 10.14(3),
hereinabove mentioned.)

We recognize that Article 10.03(1) levies and imposes the
tax only upon the ". . .use of special fuels for the propulsion
of motor vehicles upon the public highways of this State. . . ."
However, with reference to refund of the tax paid upon special
fuels which have been delivered by the user into the fuel supply
tanks of motor vehicles, we believe that Section (5) of this
same Art. 10.03, construed together with Articles 10.13(4) and
10.14(3) make clear that all such fuels have been used for a
taxable purpose.

## S U M M A R Y

Special fuels delivered by the user
thereof into the fuel supply tank of a
motor vehicle are not subject to refund
of the excise tax paid on that fuel under

the provisions of Article 10.03, Title
122A, Taxation-General, V.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _____
W. E. Allen
Assistant

WEA/rk

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Arthur Sandlin
Henry Braswell
Virgil Pulliam
John Reeves

REVIEW FOR THE ATTORNEY GENERAL
By:  Houghton Brownlee, Jr.