The Honorable Cue D. Boykin Chairman Texas Industrial Accident Board Austin, Texas 78711
Re: Whether governmental bodies are exempt from tax imposed by article 8306, § 28 on workmen's compensation self-insurers.
Dear Mr. Boykin:
You have requested our opinion concerning whether governmental bodies are constitutionally exempt from the payment of the gross premium tax imposed by section 28 of article 8306, V.T.C.S.
Article 8309h, V.T.C.S., provides for workmen's compensation for political subdivisions. Section 2(a) permits such subdivisions to become self-insurers. Section 3(a)(1) in part adopts section 28 of article 8306. Section 28 of article 8306 provides for a gross premium tax upon insurers and further states:
 All self-insurers under any of the Workmen's Compensation Acts of the State of Texas shall report to the State Board of Insurance the total amount of their medical and indemnity costs for the previous year and pay a like amount of tax as provided above on said total amount of medical and indemnity costs.
Moneys received pursuant to section 28 of article 8306 `shall be used by the [Industrial Accident] Board for the purpose of paying costs of the administration of the law. . . .' The provisions of section 28 as adopted by article 8309h clearly apply to self-insuring political subdivisions. You have asked if such an application is constitutional.
In State v. City of El Paso, 143 S.W.2d 366 (Tex. 1940), the court upheld the application of a motor fuel tax to the city of El Paso. After reviewing article 8, section 1, and article 11, section 9 of the Texas Constitution, the court stated:
 [T]he . . . constitutional provisions . . . operate to exempt municipal corporations from only three classes of taxes. These are ad valorem taxes, occupation taxes, and income taxes.
Id. at 369. Compare, Lower Colorado River Authority v. Chemical Bank Trust Co., 190 S.W.2d 48 (Tex. 1945) (holding unconstitutional a tax upon the property of the Authority) with State v. City of El Paso, supra. The view expressed by the City of El Paso court has been followed. City of San Antonio v. San Antonio Independent School District, 535 S.W.2d 671
(Tex.Civ.App.-El Paso 1976), aff'd., 20 Tex. Sup. Ct. J. 130 (Jan. 5, 1977); Wichita County Water Improvement District No. 2 v. City of Wichita Falls, 323 S.W.2d 298 (Tex.Civ.App.-Ft. Worth 1959, writ ref'd n.r.e.).
The tax imposed by section 28 is clearly not an ad valorem or income tax. Nor may it be classified as an occupation tax, which `is levied for the exercise of the privilege of carrying on a business.' Youle v. Calvert, 348 S.W.2d 534, 535
(Tex.Civ.App.-Austin 1961, writ ref'd n.r.e.); Brunk v. State,6 S.W.2d 353 (Tex.Crim.App. 1927). See also Attorney General Opinion WW-204 (1957). Accordingly, the Constitution does not protect governmental bodies from its application; in our opinion self-insuring political subdivisions are liable for the tax provided in section 28 of article 8306.
 SUMMARY
Political subdivisions which are self-insurers under article 8309h of the Workmen's Compensation laws are liable for the tax provided in section 28 of article 8306.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee