ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 22, 2014

The Honorable Royce West
Chair, Committee on Jurisprudence
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-1080

Re: Whether school districts are exempt from the municipal drainage charge under the Municipal Drainage Utility Systems Act  (RQ-1192-GA)

Dear Senator West:

You ask whether school districts are exempt from the municipal drainage charge under the Municipal Drainage Utility Systems Act (the "Act"), chapter 552, subchapter C, of the Local Government Code.[1]

A municipality may adopt the Act in an ordinance declaring municipal drainage to be a public utility. TEX. LOC. GOV'T CODE ANN. § 552.045(a) (West Supp. 2013). The Act authorizes such a municipality to "charge a lot or tract of benefitted property for drainage service." *Id.* § 552.047(a). A "drainage charge" is a "levy imposed to recover the cost of the service of the municipality in furnishing drainage for any benefitted property" and certain other costs. *Id.* § 552.044(4). A person must pay the drainage charge to use the municipal drainage system for a lot or tract unless the Act exempts the person's lot or tract. *Id.* § 552.047(d). You ask whether section 552.053 of the Act necessarily exempts school districts from paying the municipal drainage fee or allows a municipality to decide in its discretion whether to exempt school districts from the fee. Request Letter at 4.

Subsections 552.053(a) and (b) provide that designated governmental entities, including school districts, and their freehold interests in lots or tracts "may be exempt" from the Act and "ordinances, resolutions, and rules" adopted under the Act. TEX. LOC. GOV'T CODE ANN. § 552.053(a), (b) (West Supp. 2013). Subsection (c) provides that certain property "shall be exempt" from such municipal rules or ordinances, including property that has a "wholly sufficient and privately owned drainage system," and unimproved property under particular circumstances. *Id.* § 552.053(c). Under subsection (e)(2), property owned by a school district located in a municipality with a population of more than 500,000 and within 50 miles of an international border

[1]*See* Letter from Honorable Royce West, Chair, Senate Comm. on Jurisprudence, to Honorable Greg Abbott, Tex. Att'y Gen. (Mar. 26, 2014), http://www.texasattorneygeneral.gov/opin.

"is exempt from drainage charges under Section 552.047." *Id.* § 552.053(e)(2); *see also id.* § 552.044(8)(A).

The exemptions in section 552.053 from "ordinances, resolutions, and rules" adopted under the Act could include an exemption from a municipality's ordinance adopting a drainage charge. By using the words "may" and "shall" in the same statute, the Legislature indicated that "may be exempt" in subsections (a) and (b) refers to permissive, not mandatory exemptions. *Id.* § 552.053(a), (b); *see also* TEX. GOV'T CODE ANN. § 311.016(1)–(2) (West 2013) (providing the ordinary definitions of "may" and "shall"); *Valles v. Tex. Comm'n on Jail Standards*, 845 S.W.2d 284, 288 (Tex. App.—Austin 1992, writ denied) (stating that the use of "may" and "shall" in the same statute evidences legislative intent that the words have their ordinary meaning). Moreover, subsection 552.053(e) creates a mandatory exemption for property owned by a narrow class of school districts, which would be unnecessary if the property of all school districts were exempt under subsections (a) and (b). *See* TEX. LOC. GOV'T CODE ANN. § 552.053(e) (West Supp. 2013). Courts do not construe one provision of a statute in a manner that renders another provision meaningless or superfluous. *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008). Under standard rules of construction, subsections 552.053(a) and (b) provide a permissive, not a mandatory or automatic, exemption from the Act for school districts.

Section 552.053 does not expressly state how the exemption in subsections (a) and (b) comes into effect—whether the municipality may grant an exception to a school district or whether a school district may claim the right to an exemption. *See* TEX. LOC. GOV'T CODE ANN. § 552.053(a), (b) (West Supp. 2013). The Legislature stated in the Act's findings that municipalities need the authority to "prescribe bases on which a municipal drainage utility system may be funded and fees in support of the system may be assessed, levied, and collected," to "provide exemptions" from the Act, and to "prescribe other rules related to the subject of municipal drainage." *Id.* § 552.042(a)(5), (6), (7). To address these needs, the Act grants broad discretion to municipalities to establish the basis for their drainage services and to classify benefitted property. *Id.* § 552.047(a). These broad powers, when read in light of the legislative findings, imply that municipalities have discretion to decide whether to grant permissive exemptions according to law. By contrast, the Act does not grant authority to school districts from which it may be inferred that the school districts may decide whether to claim a permissive exemption. The Legislature could easily have authorized a school district to decide for itself whether it will be subject to municipal drainage charges, as exemplified by the authority the Legislature has granted school districts in other law respecting impact fees. *Compare id.* §§ 552.041–.054 (West Supp. 2013) (chapter 552, subchapter C), *with id.* § 395.022(b) (providing that school districts are not required to pay impact fees unless the district's trustees consent).[2] Construing the Act as a whole, a court would likely

---

[2]An "impact fee" is a charge "against new development" to pay for "capital improvements or facility expansions necessitated by and attributable to the new development." TEX. LOC. GOV'T CODE ANN. § 395.001(4) (West 2005). The authority to create a municipal drainage utility system and charge for its services does not "preclude a municipality from imposing impact fees or other charges for drainage authorized by law." *Id.* § 552.054(c) (West Supp. 2013). "Whether any particular fee constitutes an 'impact fee' under chapter 395 would require the resolution of [factual questions] and, as a result, cannot be determined in an attorney general opinion." Tex. Att'y Gen. Op. No. GA-0850 (2011) at 2.

conclude that section 552.053's exemption from the Act for school districts is permissive and that a municipality has the discretion to decide whether to grant such an exemption, subject to limitations in the Act or other law.

Your second question is whether the drainage charges under the Act constitute a tax, such that a school district is exempt from paying the charges. Request Letter at 4. School district property is generally exempt from taxation by other political subdivisions. *See, e.g.*, TEX. CONST. art. XI, § 9 (exempting certain "property devoted exclusively to the use and benefit of the public"); *id.* art. VIII, § 2 (authorizing the Legislature to "exempt from taxation public property used for public purposes"); TEX. TAX CODE ANN. §§ 11.11, 11.21 (West 2008 & Supp. 2013) (exemptions for public property of political subdivisions, including school districts). The nature of a governmental tax or fee will determine if a political subdivision such as a school district is exempt from the tax or fee. *See State v. City of El Paso*, 143 S.W.2d 366, 368–69 (Tex. 1940) (stating that article XI, section 9 of the Constitution creates an exemption from ad valorem, income, and occupation taxes but not from excise or user taxes); *City of Garland v. Garland Indep. Sch. Dist.*, 468 S.W.2d 110, 111–14 (Tex. Civ. App.—Dallas 1971, writ ref'd n.r.e.) (determining that article XI, section 9 exempts a school district from a special assessment for paving a street abutting its property, distinguishing a special assessment from a reasonable charge for services of another public agency).

A municipality "which owns and operates its own public utility does so in its proprietary capacity." *San Antonio Indep. Sch. Dist. v. City of San Antonio*, 550 S.W.2d 262, 264 (Tex. 1976). A reasonable charge for city-owned utility service is not a tax, and therefore a school district's tax exemption does not apply to such charges. *See City of San Antonio v. San Antonio Indep. Sch. Dist.*, 535 S.W.2d 671, 675–76 (Tex. Civ. App.—El Paso) (determining that certain charges for city-owned gas and electric services were not a tax from which the school district was exempt), *aff'd*, 550 S.W.2d 262 (Tex. 1976); *see also Bexar Cnty. v. City of San Antonio*, 352 S.W.2d 905, 907–08 (Tex. Civ. App.—San Antonio 1961, writ dism'd) (determining that a city's reasonable charge for sewer services was not a tax and could be imposed on the county).

Under the Act, a municipality provides drainage services as a public utility. TEX. LOC. GOV'T CODE ANN. § 552.045(a) (West Supp. 2013). The Act authorizes a municipality to require payment of a "drainage charge" for its services. *Id.* § 552.047(a). The purpose of the charge is "to recover the cost of the service of the municipality in furnishing drainage for any benefitted property," and certain other costs. *Id.* § 552.044(4)(A). The Act allows the municipality to charge "on any basis" provided the charge (1) is not based on the value of property and (2) the basis is directly related to drainage. *Id.* § 552.047(a). Accordingly, a court would likely conclude that a reasonable drainage charge conforming to the Act is not a tax and therefore a school district is not exempt from reasonable drainage charges.

## S U M M A R Y

A court would likely conclude that the exemption for school districts from the Municipal Drainage Utility Systems Act (the "Act") in subsections 552.053(a) and (b) of the Local Government Code is permissive and that a municipality has the discretion, within the limitations of the Act, to decide whether to grant such an exemption.

A court would likely conclude that a reasonable drainage charge under the Act is not a tax from which a school district is exempt.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee